JONES FURNITURE MFG. CO. ET AL v.
WILLIAM EARL EVANS

5-4467                                                   424 S. W. 2d 880

Opinion delivered March 4, 1968
[Rehearing denied April 1, 1968.]

*Terral, Rawlings, Matthews & Purtle,* for appellants.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for cross-appellant.

*Milham & Wied,* for appellee.

PAUL WARD, Justice. This is a consolidation of two Workmen Compensation cases, wherein appellee (William Earl Evans) filed a claim against appellant (Jones Furniture Manufacturing Co.) and a claim against appellant (Adams Farm Supply Co.). In each case the insurance carrier is an appellant, but, for brevity, we hereafter refer to the first named appellant as "Jones" and to the other as "Adams".

The issues presented on appeal arise out of the facts summarized below.

(a) On May 13, 1964, appellee, while in the employment of Jones, was injured. When appellee filed a claim before the Commission Jones agreed to an assessment of $7\frac{1}{2}\%$ disability to the body as a whole and agreed to pay appellee $33.80 a week for twenty weeks and five days (based on temporary total disability) and for an additional thirty-four weeks (based on permanent partial disability).

(b) On June 16, 1966, appellee filed another claim for additional compensation against Jones, and was awarded a 30% permanent partial disability as a result of his original injury on May 13, 1964.

(c) Also, on June 16, 1966, appellee perfected a claim with the Commission against Adams based on an injury on September 25, 1965 while in the employment of Adams. The Commission awarded appellee compensation based on a 10% partial disability. The awards under (b) and (c) were appealed to, and affirmed by, the circuit court.

On appeal here, appellants urge a reversal on the grounds discussed hereafter.

*One.* Jones seeks a reversal for two separate reasons: (1) There is no substantial evidence to support the Commission's finding that appellee suffered a total 30% permanent partial disability as a result of the May 13, 1964 injury, and; (2) The claim filed on June 16, 1966 is barred by the statute.

(1) Here Jones pointed out that the Commission found appellee suffered a 30% permanent partial disability in 1964 while in his employment and a 10% disability in 1965 while in the employment of Adams—a total of 40%. Then it is pointed out that the highest degree of disability supported by any medical testimony is only 35%. It is then concluded that these facts (undisputed by appellee) logically and necessarily mean there is no substantial evidence to support the findings of the Commission.

The above conclusion is not supported by decisions of this Court. In *Glass* v. *Edens*, 233 Ark. 786; 346 S. W. 2d 683 we said:

"The maximum medical rating of disability in this case was 40%, which was allowed by the referee and affirmed by the Full Commission. Apparently, they also considered only medical evidence and this we consider error. Under the rule as set out in Larson, consideration should have been given, along with the medical evidence, to the appellant's age, education, experience, and other matters affecting wage loss."

To the same effect, see *Wilson & Co., Inc.* v. *John Christman* (decided by this Court February 19, 1968) and *Arkansas Best Freight System, Inc.* v. *Walter Brooks* decided February 26, 1968).

There is other evidence in the record here which, under the above rule, the Commission had a right and duty to consider in arriving at the extent of appellee's

disability. It is not disputed: that he was injured in 1964, and unable to work for nearly a year; that in 1965 he tried to work for Owosso but was not physically able to do so; that then he went to work for Adams but had to lay off for a while before he was injured again, that; while he was able to perform strenuous labor in 1964, he was never thereafter able to do so; that he is approaching sixty years of age, is uneducated, and is fitted only to do manual labor. Considering, as we must, that the Commission's findings have the force and effect of a jury's finding we are unable to say there is no substantial evidence to support its finding in this instance.

(2) It is next contended by Jones that appellee's claim was not filed with the Commission within the time provided by Ark. Stat. Ann. § 81-1318 (b) (Repl. 1960), which reads:

"In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the date of accident, whichever is greater."

As previously stated, appellee's claim was filed June 16, 1966. According to Jones' calculations [which, for the purpose of this opinion, we concede to be true] the last payment *due* appellee (for the 1964 injury) was June 4, 1965. It is therefore contended by Jones that, under the statute, appellee had to file his claim on or before June 4, 1966. For reasons stated below we do not agree.

It is not disputed that, as a matter of fact, appellee received his last payment on June 17, 1965, which was less than one year before he filed his claim on June 16, 1966, being one day before it was barred under the statute quoted above. Even though, according to appellant's calculation, the last payment was *due* on

June 4, 1965, still the *due* date is not controlling under the statute. The record discloses that the payment made on June 17, 1965, was in fact the *first* payment due appellee in 1964 but had been overlooked by *appellant* (not by appellee or the Commission) because of an office error. Basically, it would not be right to penalize appellee for something over which he had no control.

The facts in this case distinguish it from the case of *Phillips* v. *Bray,* 234 Ark. 190, 351 S. W. 2d 147, where we held the one year limitation could not be extended because of a delayed payment of a doctor's bill. The reason for so holding was that the doctor's bill was not presented to or approved by the Commission before the *one year* had expired—which is not the situation here. In so holding we there said:

> "It seems perfectly obvious that the primary purpose of the one year statute of limitations is to give the claimant that much extra time in which to decide whether he has been fully compensated for his injury, and not for the purpose of paying belated medical bills."

*Two.* We find no merit in the contention here made by Adams that there is no substantial evidence to support the Commission's finding appellee suffered a 10% permanent partial disability as the result of his injury on September 25, 1965, while in the employment of Adams.

Replying to the above contention we adopt, without repeating, all we have heretofore said about "substantial evidence" in connection with the claim against Jones. In addition, we point out other pertinent facts disclosed by the record.

While in the employment of Adams appellee injured his back when he attempted to lift a 100 pound sack. This happened on Saturday and he tried, but was

unable, to resume work on the following Monday. He has been unable to work up to the time of the hearing before the Commission. There is nothing in the record to indicate appellee had been malingering, but, to the contrary, it indicates he has made every reasonable effort to work to support his family. Also there is substantial medical evidence that appellee's disability was partially attributable to the injury suffered while working for Adams. Dr. Carruthers testified that, in his opinion, appellee's injury on September 25, 1965 (while working for Adams) could result in a functional disability of 20%. The doctor further stated that he examined appellee on March 1, 1966 and was of the opinion that it was questionable whether additional treatment would be of further benefit to him.

The Commission, in its findings, referred to and relied upon the facts mentioned above in reaching its decision, and we think it was justified in doing so.

Affirmed.

FOGLEMAN, J., disqualified.