Ricky SCOGIN by his Guadians, J. T. SCOGIN
and Reba SCOGIN *v.* TEX-ARK JOIST COMPANY and
RYAN STEEL PRODUCTS, INC.

83-229                                      662 S.W.2d 819

Supreme Court of Arkansas
Opinion delivered January 9, 1984
[Rehearing denied February 6, 1984.*]

*Gibson Law Offices,* by: *Charles S. Gibson,* for
appellants.

*HOLLINGSWORTH, J., not participating.

*Shackleford, Shackleford & Phillips, P.A.,* for appellees.

DARRELL HICKMAN, Justice. On May 18, 1978, Ricky Scogin fell from a steel joist at his work site in Warren, Arkansas, suffering injuries which rendered him quadraplegic. The joist was manufactured by appellee Tex-Ark Joist Company and supplied by Ryan Steel Products, Inc., of Memphis, Tennessee. Scogin sued both Tex-Ark and Ryan in federal district court under theories of negligence and strict liability. The complaint was based on diversity jurisdiction. Ryan filed a cross-claim against Tex-Ark for indemnity. It was learned before the fourth day of trial, however, that Tex-Ark was actually an Arkansas based company and therefore, was not diverse from Scogin. Tex-Ark moved to dismiss for lack of jurisdiction; no action was taken by the court at that time.

The federal jury found, *inter alia,* that the joist, when suspended and unbraced, was unreasonably dangerous. The jury found Tex-Ark to be 100% negligent and that Ryan was not negligent. Scogin was awarded damages of $775,000. The federal trial judge found that the claim by Scogin against Tex-Ark had to be dismissed because of lack of jurisdiction, but retained jurisdiction over Ryan's claim for indemnity against Tex-Ark. The judge found that Ryan was liable to Scogin for the full amount of the judgment on the basis of strict liability and that Tex-Ark was liable to indemnify Ryan for any and all amounts paid to Scogin. Ryan paid Scogin and Tex-Ark fully indemnified Ryan.

Scogin sued Tex-Ark in state court on October 15, 1982, alleging the same theories as in the first suit. Tex-Ark filed a motion for summary judgment asserting *res judicata* and collateral estoppel as a bar to the state court action. Summary judgment was granted, and Scogin appeals. We affirm.

Scogin has already had a complete and fair opportunity to pursue his claim against Tex-Ark. Although it may be argued that Tex-Ark was not technically a defendant in the first suit, it participated totally in that action. The jury there

heard all the facts that they would in the state case and determined the damages in light of those facts. The issues are identical. We find that the present suit is barred by the equitable doctrine of collateral estoppel.

> The doctrine of collateral estoppel is based on the policy of limiting litigation to one fair trial on an issue. The doctrine has the dual purpose of protecting litigants from the burden of relitigating an identical issue in a subsequent action and of promoting economy by preventing needless litigation. Actual litigation of an issue is a prerequisite to application of collateral estoppel.

Note, *Civil Procedure — Collateral Estoppel — Offensive Use of Equity Finding Allowed in Subsequent Law Action,* 3 UALR L.J. 103 (1980).

*Billman* v. *Nova Products, Inc.,* 328 So.2d 244 (Fla. App. 1976), closely parallels this case. There, the plaintiff sued a retailer for breach of warranty when he was injured by a boat winch. The retailer brought a third party suit against the manufacturer asking for indemnification. The jury returned a verdict against the retailer and the court directed a verdict against the manufacturer in favor of the retailer. The plaintiff refused to accept satisfaction and sued the manufacturer. The issues were identical as they are here. The manufacturer argued that the second suit was barred by the first. The trial court essentially agreed and granted summary judgment. The case was affirmed on appeal. The court stated:

> . . . . [W]hen the complaining party has a full opportunity to litigate those issues against one of the parties, and has obtained a favorable judgment, he is not permitted to relitigate the same issues in a new action against the other party. He has had his day in court on the issues, and against the party of his choosing who was closely related to the other party. Under the doctrine of collateral estoppel, he is precluded from relitigating the same issues. There must be an end to litigation.

We agree with this reasoning.

Scogin argues that Tex-Ark and Ryan are joint tortfeasors and that under the Uniform Contribution Among Joint Tortfeasors Act, Ark. Stat. Ann. §§ 34-1001 — 34-1009 (Repl. 1962), that recovery and satisfaction of a judgment from one tortfeasor does not discharge the other tortfeasor. That is the rule in Arkansas. *Smith* v. *Tipps Engineering & Supply Co.*, 231 Ark. 952, 333 S.W.2d 483 (1960). Where, however, the plaintiff has had one full opportunity to pursue his claims on the same theories and the same issues against a tortfeasor, he should not be allowed to relitigate those against one who fully participated in the first suit, was found liable and has discharged a judgment. We find that the above provision of the Joint Tortfeasors Act does not preclude application of the equitable doctrine of collateral estoppel.

Affirmed.

HOLLINGSWORTH, J., not participating.