Phillip A. MYLES *v.* PARAGOULD SCHOOL DISTRICT

CA 88-437                                            770 S.W.2d 675

Court of Appeals of Arkansas
Division II
Opinion delivered May 24, 1989

*Fulkerson & Todd, P.A.,* by: *Jerry L. Lovelace,* for appellant.

*Richard S. Smith*, Public Employee Claims Division, Arkansas Insurance Department, for appellee.

JOHN E. JENNINGS, Judge. The facts in this workers' compensation case were stipulated to by the parties. Appellant sustained a compensable injury on August 24, 1983. On September 6, 1984, the appellee mistakenly failed to make a permanent partial disability payment. Permanent partial disability payments should have been stopped on September 26, 1984. The last medical benefits were paid to appellant on July 29, 1985. On July 10, 1986, the appellee paid the permanent partial disability payment which had been overlooked. On July 7, 1987, appellant filed a claim for additional benefits.

As the Commission correctly recognized, the sole issue is the applicability of the statute of limitations, Ark. Code Ann. § 11-9-702(b) (1987), which provides, in part:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within (1) year from the date of the last payment of compensation, or (2) years from the date of the injury, whichever is greater.

The administrative law judge held that the statute did not bar the claim, relying on *Jones Furniture Mfg. Co. v. Evans*, 244 Ark. 242, 424 S.W.2d 880 (1968). The Commission reversed, relying primarily on our opinion in *Woodward* v. *ITT Higbie Mfg. Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980) and distinguishing *Jones*. We hold that the Commission's construction of the statute was erroneous and reverse.

■ The law requires that the code provisions relating to the law of workers' compensation be construed liberally, in accordance with the remedial purposes of the legislation. Ark. Code Ann. § 11-9-704(c)(3) (1987). In *Jones Furniture Mfg. Co. v. Evans*, 244 Ark. 242, 245, 424 S.W.2d 880, 881 (1968), the court said:

> As previously stated, appellee's claim was filed June 16, 1966. According to Jones' calculations [which, for the purpose of this opinion, we conclude to be true] the last payment *due* appellee (for the 1964 injury) was June 4,

1965. It is therefore contended by Jones that, under the statute, appellee had to file his claim on or before June 4, 1966. For reasons stated below we do not agree.

It is not disputed that, as a matter of fact, appellee received his last payment on June 17, 1965, which was less than one year before he filed his claim on June 16, 1966, being one day before it was barred under the statute quoted above. Even though, according to appellant's calculation, the last payment was *due* on June 4, 1965, still the *due* date is not controlling under the statute. The record discloses that the payment made on June 17, 1965, was in fact the *first* payment due appellee in 1964 but had been overlooked by *appellant* (not by appellee or the Commission) because of an office error. Basically, it would not be right to penalize appellee for something over which he had no control. [Emphasis in original.]

■ Under the language of the statute and the holding in *Jones*, the claim for additional benefits here was timely filed. *See also Southern Cotton Oil Co.* v. *Friar*, 247 Ark. 98, 444 S.W.2d 556 (1969). As we have said, the Commission relied on our opinion in *Woodward* v. *ITT Higbie Mfg. Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980). In that case we quoted Larson, *Workmen's Compensation Law*, § 78.43(b) (1976):

Once the claim has been barred by the passage of time, it will not be revived and a new period will not be set in motion by the furnishing of medical service years after the injury. The objective of the statute being to protect the claimant who reasonably refrains from making a claim because of the receipt of benefits voluntarily supplied, no claimant can allege that his failure to make timely application was excused by something that happened after the claim was already barred. Moreover, since the employer was under no obligation to furnish such benefits once the right to them was barred, it cannot be said that he provided them as voluntary compensation payments. [Footnotes Omitted.]

We specifically said in *Woodward* that this was not an issue in the case and that we discussed it only in an attempt to "prevent confusion." We did not mention *Jones, supra*.

Our conclusion is that the case is controlled by the supreme court's decision in *Jones* and that we are without authority to overrule it. We reverse and remand to the Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CRACRAFT and COOPER, JJ., agree.