_____

No. 96-1620
_____

Charles E. Johnson,           *
                              *
        Plaintiff-Appellee,   *
                              *
    v.                        *
                              *
Dan Schneiderheinz, Individu- *  Appeal from the United States
ally and as Sheriff of Merrick *  District Court for the
County, Nebraska,             *  District of Nebraska.
                              *
        Defendant-Appellant,  *
                              *
County of Merrick, Nebraska,  *
                              *
        Defendant.            *

_____

Submitted:  November 18, 1996

Filed:  December 9, 1996
_____

Before FAGG, LAY, and HANSEN, Circuit Judges.

_____

LAY, Circuit Judge.


     Charles E. Johnson was arrested for murder in Merrick County,
Nebraska.  Subsequently, Johnson was released, the charges were
dismissed, and another individual was charged with the murder.
Johnson brought this suit in federal district court against Merrick
County Sheriff Dan R. Schneiderheinz under 42 U.S.C. § 1983
claiming that his arrest violated his constitutional rights.


     The sheriff moved for summary judgment on the basis of
qualified immunity.  The district court denied the sheriff's
motion, finding a disputed material fact issue needed to be
resolved to determine whether Sheriff Schneiderheinz is entitled to
qualified immunity.  The sheriff appeals the district court's
denial.  We reverse with directions to enter judgment in favor of

Schneiderheinz on the basis of qualified immunity.[1]

It is well settled that law enforcement officials who "reasonably but mistakenly conclude that probable cause is present" are entitled to immunity. Anderson v. Creighton, 483 U.S. 635, 641 (1987). Government officials are qualifiedly immune from liability in civil actions to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Thus, if an officer acts in a manner about which officers of reasonable competence could disagree, the officer should be immune from liability. Id. Accordingly, in § 1983 cases involving charges of improper arrest, we have held that "[t]he issue for immunity purposes is not probable cause in fact but arguable probable cause." Myers v. Morris, 810 F.2d 1437, 1455 (8th Cir. 1987); see also Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996).

The record establishes that, at the time of Johnson's arrest, the sheriff was aware of certain circumstances tending to point to Johnson as the killer: (1) the victim had been dating Johnson's ex-wife; (2) Johnson sought a renewed relationship with his ex-wife; (3) the victim was struck from behind by a bullet while he was

_____

[1]On appeal, argument is focused on whether there is a genuine issue of fact regarding probable cause for Johnson's arrest. Johnson contends that under Johnson v. Jones, 115 S. Ct. 2151, 2159 (1995), this court lacks jurisdiction to review the district court's summary judgment denial. In view of our holding that there exists independent and undisputed evidence supporting the sheriff's determination of probable cause, we find the order is appealable under Mitchell v. Forsyth, 472 U.S. 511 (1985); see also Behrens v. Pelletier, 116 S. Ct. 834 (1996). It is not necessary to pass upon the issue raised by Johnson since we find that a reasonable officer could have believed that Johnson's arrest was lawful, in light of clearly established law, and the information that the sheriff possessed. See Anderson v. Creighton, 483 U.S. 635, 641 (1987).

-2-

driving on Highway 30, and killed at about 11:45 p.m.; (4) Johnson was on Highway 30, driving in the same direction as the victim, at about the time the victim was shot and killed; (5) a polygraph examination conducted by an independent state agency suggested Johnson lied about whether he saw the victim's vehicle on the date of the killing, whether he was present when a shot was fired toward the victim's vehicle on Highway 30, whether he was withholding information about having a gun with him in his vehicle that night, and whether he was innocent of wrongdoing in the killing; (6) Johnson had been with two others, who reported the vehicle off the road; and finally, (7) Johnson's presumed accomplice also denied involvement but was determined to be lying in his separate polygraph examination. See Schneiderheinz Aff. ¶¶ 6-7(g), Appellant App. at 54-60; Williamson Aff. ¶ 7, Appellant App. at 100-101; Report of Johnson Interview, Appellant App. at 110.

In the present case, the negative polygraph exam results were not the only undisputed facts upon which probable cause could rest. It is not necessary for us to decide whether the facts support actual probable cause to arrest; we simply hold that there were sufficient undisputed facts and information available to support a reasonable law enforcement officer's belief that probable cause existed. That the sheriff may have been mistaken is not enough to find a violation of Johnson's constitutional rights. See Hunter v. Bryant, 502 U.S. 224, 227 (1991). The qualified immunity doctrine must accommodate for reasonable error because "'officials should not err always on the side of caution' because they fear being sued." Id. at 229 (quoting Davis v. Scherer, 468 U.S. 183, 196 (1984)).

REVERSED and REMANDED.

-3-

A true copy.

Attest:

       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.