# Frederick GUIDRY *v.* HARP'S FOOD STORES, INC.

CA 98-1036                                          987 S.W.2d 755

Court of Appeals of Arkansas
Division I
Opinion delivered March 24, 1999

*The Mulkey Attorneys Group, P.A.*, by: *Jeremy K. Landon* and *Bruce L. Mulkey*, for appellant.

*Bassett Law Firm*, by: *Tod C. Bassett* and *James M. Graves*, for appellee.

MARGARET MEADS, Judge. This appeal is brought from the trial court's entry of summary judgment in favor of appellee, Harp's Food Stores, Inc. The court found that certain issues decided in a federal civil rights suit brought by appellant precluded appellant from relitigating those issues in a tort suit prosecuted in state court. We reverse and remand.

David Jones, a Rogers city policeman, worked for appellee during his off-duty hours as a loss-prevention officer. On March 25, 1996, he supposedly observed appellant stealing a pack of cigarettes. Appellant was apprehended and arrested and charged with shoplifting. It was later determined that the cigarettes did not come from appellee's store, and the shoplifting charge was *nolle prossed*. As a result of the incident, appellant filed suit in federal court pursuant to 42 U.S.C. § 1983 against David Jones, the City of Rogers, and the city's police chief. In the same action, he sued appellee for battery, assault, false imprisonment, defamation, malicious prosecution, and negligence.[1] The federal court granted summary judgment on the section 1983 claim, ruling that Jones's arrest and detention of appellant was reasonable, even if mistaken, thus entitling Jones to qualified immunity under federal law. *See Johnson v. Schneiderheinz*, 102 F.3d 340 (8th Cir. 1996). Further, the court found that appellant failed to prove that Jones used excessive force in making the arrest, having offered no evidence that he suffered anything beyond minor injury or discomfort. At the conclusion of these findings, the court exercised its prerogative to decline jurisdiction over the state tort claims. *See* 28 U.S.C. § 1367(c)(3) (Supp. 1998).

Following the federal court ruling, appellant filed suit in state court against appellee. According to the complaint, David Jones, in the presence of store employees and customers, wrongly accused appellant of shoplifting, then detained him by use of force. The complaint further alleged that appellee commenced a crimi-

---

[1] We have not been provided with the pleadings filed in federal court. Our characterization of the federal action is based on statements made by the parties in their motions and arguments below and on the text of the federal court ruling, as abstracted.

nal proceeding against appellant without probable cause. Based upon these allegations, appellant asserted that appellee, acting through its agent, Jones, committed the torts of battery, assault, false imprisonment, malicious prosecution, defamation, and outrage. Appellant also asserted a cause of action for conversion based upon appellee's retention of the cigarettes he was suspected of stealing, and a cause of action for negligence based upon appellee's failure to train its security guards or investigate their backgrounds.

After discovery was undertaken in the case, appellee filed a motion for summary judgment. The motion contended that, at the time of the incident, Jones was acting as a city police officer, not as appellee's employee. However, the gravamen of appellee's argument was that the federal court ruling conclusively established the reasonableness of Jones's actions, thereby leaving no basis for appellant's tort claims. A copy of the federal court ruling was attached to the motion, along with various affidavits, depositions, and answers to interrogatories. Through these exhibits, appellee presented the following evidence: Jones believed he saw appellant put a pack of cigarettes in his pocket without paying for them. Jones then approached appellant, identified himself as a police officer, and asked appellant to accompany him to the manager's office. Appellant refused and called Jones a "racist pig." When appellant tried to leave the store, Jones held him, and a scuffle ensued. Jones warned appellant that he would have to physically restrain him if he kept fighting. Appellant ignored the warnings, and Jones put him on the floor, holding him there until on-duty officers arrived. The cigarettes that appellant was holding were confiscated and were held at appellee's store until they were picked up by the police a week later. The charges against appellant were dropped when the city attorney's office learned that the tax identification number on the cigarettes showed that they did not come from appellee's store.

Appellant responded to the motion by arguing that the findings made by the federal court were based upon Jones's conduct as a police officer as viewed in light of constitutional requirements, not as a private actor viewed in light of state tort law. He attached depositions that were primarily directed to appellee's assertion that Jones was not acting as its employee. The depositions indicated,

however, that up to twenty-five people may have observed the incident and that Jones had received no training or guidance from appellee regarding the apprehension of suspected shoplifters.

After a hearing, the trial judge found that the federal court ruling "knocked out the underpinning" of appellee's state tort claims, thus barring them under the doctrine of collateral estoppel. With regard to the negligence claim, the judge found that there was no causation between appellee's alleged negligence in training Jones and appellant's damages. It is from this ruling that appellant brings his appeal.

■ Summary judgment, while no longer considered a drastic remedy, is only approved when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the non-moving party is not entitled to a day in court. *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998). The burden of sustaining a motion for summary judgment is on the moving party. *Hawkins v. Heritage Life Ins. Co.*, 57 Ark. App. 261, 946 S.W.2d 185 (1997). On appeal, we must view the evidence in a light most favorable to the nonmoving party. *Id.*

■ ■ Appellant argues on appeal that the trial court erred in applying the doctrine of collateral estoppel in this case. Collateral estoppel, or issue preclusion, bars relitigation of issues of law or fact actually litigated by parties in the first suit. *Coleman's Serv. Ctr. v. Federal Deposit Ins. Corp.*, 55 Ark. App. 275, 935 S.W.2d 289 (1996). When an issue of fact or law is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. *Id.* The elements of collateral estoppel are: 1) the issue sought to be precluded must be the same as that involved in the prior litigation; 2) the issue must have been actually litigated; 3) it must have been determined by a valid and final judgment; and 4) the determination must have been essential to the judgment. *Fisher v. Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993). The party asserting collateral estoppel has the burden of demonstrating

that the precise issue on which they claim the court and other parties are bound and which is precluded from being raised was decided in the previous case. *Smith v. Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985). A federal court judgment may preclude relitigation of issues in state court. *Scogin v. Tex-Ark Joist Co.*, 281 Ark. 175, 662 S.W.2d 819 (1984).

■ ■ Appellant's federal action was brought pursuant to 42 U.S.C. § 1983, which provides a cause of action against persons who, under color of law, subject a citizen to deprivation of rights, privileges, and immunities secured by the Constitution. The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights. *Wyatt v. Cole*, 504 U.S. 158 (1992). As best we can tell from the record before us, appellant's section 1983 claim was based upon the assertion that his constitutional rights were violated by David Jones's improper arrest of him and by Jones's use of excessive force. The federal court found that no constitutional violation occurred because Jones was entitled to qualified immunity, having had a reasonable suspicion to detain appellant and probable cause to arrest him. In section 1983 cases involving an allegedly improper arrest, law enforcement officials who reasonably but mistakenly conclude that probable cause to arrest is present are entitled to qualified immunity. *Johnson v. Schneiderheinz*, *supra*. The qualified-immunity defense protects all but the plainly incompetent or those who knowingly violate the law. *Id.* The issue for immunity purposes is not probable cause in fact, but arguable probable cause. *Id.* Regarding a claim that excessive force was used in effecting an arrest, an officer is entitled to qualified immunity unless the claimant can demonstrate specific facts showing the officer used excessive force. *Edwards v. Giles*, 51 F.3d 155 (8th Cir. 1995). The federal judge in appellant's case ruled that appellant fell short in this regard.

■ Appellee argues that the federal court's finding that Jones acted reasonably precludes a finding that Jones acted unreasonably, and thus tortiously, in this case. However, the concept of reasonableness cannot be viewed in a vacuum. We must consider the context in which the federal court evaluated Jones's conduct. The standards used to determine whether an officer is entitled to

qualified immunity are lenient in order that officers may pursue their duties without fear of being sued. *See Johnson v. Schneiderheinz, supra.* Therefore, an officers' acts may be viewed as reasonable so long as the officer is not plainly incompetent or knowingly violating the law, and probable cause need only be arguable, not probable cause in fact. Appellant's state law claims would not be subject to the same analysis used by the federal court in determining Jones's entitlement to qualified immunity. For example, appellant's failure to prove the use of *excessive* force would not be fatal to his assault and battery claims, as it was to his section 1983 claim. With regard to appellant's claims for malicious prosecution and false imprisonment, the existence of probable cause would be a defense to such actions. *See Mendenhall v. Skaggs Cos.*, 285 Ark. 236, 685 S.W.2d 805 (1985); *Kellerman v. Zeno*, 64 Ark. App. 79, 983 S.W.2d 136 (1998). However, we have found no case in which arguable probable cause, as used in the qualified-immunity analysis, rather than probable cause in fact was sufficient to sustain the defense. As to appellant's defamation claim, an officer may make a defamatory statement about a suspect, even though his arrest and detention of the suspect were not plainly incompetent or knowingly illegal for section 1983 purposes.

▇ These examples illustrate that the issue sought to be precluded, *i.e.*, whether Jones's conduct was tortious, is not the same as the issue litigated in federal court, *i.e.*, whether Jones was entitled to qualified immunity. Collateral estoppel applies only to those issues of law or fact actually litigated in the first action. *Coleman's Serv. Ctr. v. Federal Deposit Ins. Corp., supra.* The question of whether an issue was previously litigated has been interpreted very narrowly for purposes of collateral estoppel. *In re Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995).

▇ We also note that collateral estoppel does not bar a subsequent action where a federal court has made an express reservation of rights as to future litigation. *See Virden v. Roper*, 302 Ark. 125, 788 S.W.2d 470 (1990) (appellant's section 1983 federal court action dismissed based on abstention doctrine); *Coleman's Serv. Ctr. v. Federal Deposit Ins. Corp., supra* (federal court dis-

missed part of appellee's complaint without prejudice). In the case at bar, the federal court, much like the court in *Virden v. Roper*, decided not to retain jurisdiction of state law claims. Therefore, appellant's right to litigate those claims in the future was reserved.

Before we leave the collateral-estoppel issue, we wish to address a matter that was the subject of much discussion during the oral argument of this case. As noted earlier, a section 1983 action is based upon a person's depriving another of his constitutional rights while acting under color of law. Because the federal court rendered a decision on the section 1983 claim, the question arose as to whether the court must necessarily have concluded that David Jones was acting as a city police officer rather than as appellee's employee during the incident that is the subject of this case. Both appellant and appellee agree that the federal court made no explicit finding on this issue. Appellee's counsel argued that the federal court implicitly found that Jones was acting as a police officer, although he acknowledged that the issue was not contested in federal court. Collateral estoppel does not bar an issue unless the issue is actually litigated and essential to the judgment in the first action. *Fisher v. Jones, supra.* We are not convinced that Jones's status as a private actor or state actor was actually litigated or essential to the judgment in the federal court action. Therefore, we decline to decide the case on this basis.

In addition to his ruling on the collateral-estoppel question, the trial judge ruled that appellant could not show that his damages were proximately caused by appellee's failure to properly train Jones or investigate his background. A careful reading of the court's comments reveals that this ruling was also based upon the federal court's finding that Jones's actions were reasonable. In light of our holding, this part of the summary judgment must also be reversed.

Finally, we are urged by appellee to affirm the trial court's ruling on the basis that the facts, even if viewed in a light most favorable to appellant, establish no liability on appellee's part. We have the authority to affirm a trial court's decision on a different basis than that asserted by the court. *In re Estate of Goston v. Ford Motor Co., supra.* However, we are not convinced that

arguments relating to the merits of the state causes of action were fully developed below. Appellant's response to the motion for summary judgment focused on appellee's argument that it was not responsible for Jones's conduct and the doctrine of collateral estoppel. We are reluctant to hold that appellant's proof, as contained in the exhibits to his response, is insufficient. Sufficiency of proof was not the thrust of appellee's motion. In reviewing the propriety of a motion for summary judgment, we will not affirm a trial court on alternative grounds when those grounds require additional fact-findings. *Schwarz v. Colonial Mortgage Co.*, 326 Ark. 455, 931 S.W.2d 763 (1996).

Reversed and remanded.

BIRD and GRIFFEN, JJ., agree.