Garry METCALF and John Warren *v.*
TEXARKANA SCHOOL DISTRICT

CA 98–800;                                    986 S.W.2d 893
CA 98–803

Court of Appeals of Arkansas
Division II
Opinion delivered March 24, 1999

*Roachell Law Firm,* by: *Richard W. Roachell,* for appellants.

*Lavender, Rochelle & Barnette, PLC,* by: *G. William Lavender,* and *W. Paul Blume,* for appellee.

S AM BIRD, Judge. In each of these two cases, appellants Garry Metcalf and John Warren appeal the dismissal of their appeals to the Miller County Circuit Court under the

Arkansas Teacher Fair Dismissal Act. Although the cases were not consolidated for trial or for appeal, the facts are essentially the same, the arguments are the same, and they were submitted simultaneously to this court. Therefore, we dispose of them in this one opinion.

Appellants argue on appeal:

I.     The Arkansas Supreme Court erroneously construed Ark. Code. Ann. § 6-17-1506(a) in holding that a teacher may not avail himself of the appeal provisions of the Arkansas Teacher Fair Dismissal Act when he has entered into a "superseding contract" with the District. *McCaskill v. Ft. Smith Public School District*, 324 Ark. 488, 921 S.W.2d 945 (1996).

II.     The court should reverse the award of attorney fees granted to the District if the trial court is reversed and the case is remanded for a decision on the merits.

We affirm.

In the spring of 1996, Garry Metcalf was head basketball coach at Arkansas High School and part-time assistant football coach in the Texarkana School District. In the spring of 1996, John Warren was head junior-high coordinator, head football coach for the eighth and ninth grade, ninth-grade basketball coach, and head baseball coach at Arkansas High School. Both men were also certified teachers and had teaching responsibilities.

In early 1996, both men were notified that the superintendent planned to recommend that they be reassigned. Metcalf was to become head coach of the girls track team for the 1996-97 school year; Warren was to become assistant junior-high football coach and assistant junior-high track coach for the 1996-97 school year. Both men requested a hearing before the Texarkana School Board and, after a lengthy hearing, appellants were reassigned. Neither of appellants suffered a pay reduction, and each maintained his classroom duties.

In June 1996, Metcalf and Warren appealed to the Miller County Circuit Court. In October, appellants signed new contracts with the district.

At their trials in circuit court, each of the appellants argued that the reassignment amounted to a nonrenewal of his contract and that the district had failed to comply with the Teacher Fair Dismissal Act and its own personnel policies. The circuit judge held that the Arkansas Supreme Court case of *McCaskill v. Fort Smith Public School District, supra,* controlled the cases and that, since appellants had signed new contracts with the district, they had no right to appeal to circuit court under the Arkansas Teacher Fair Dismissal Act. Their appeal to this court followed.

Arkansas Code Annotated section 6-17-1506 (Repl. 1993) provides:

> (a) Every contract of employment made between a teacher and the board of directors of a school district shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument, unless by May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed or, unless during the period of the contract or within ten (10) days after the end of the school year, the teacher shall deliver or mail by registered mail to the board of directors his or her resignation as a teacher, or unless such contract is superseded by another contract between the parties.

Arkansas Code Annotated section 6-17-303 (Repl. 1993) provides, "District school boards shall have authority to assign and reassign or transfer all teachers in schools within their jurisdiction upon the recommendation of the superintendent."

██ In *McCaskill, supra,* our supreme court construed Ark. Code Ann. § 6-17-1506(a) and stated, "[P]ursuant to the very terms of section 6-17-1506(a), by appellant's signing the 1990-91 contract, the 1989-90 contract was superseded and the notice requirements of The Teacher Fair Dismissal Act no longer applied." In response to an argument of appellant, the court stated further, "Appellant simply cannot sign a superseding contract and then wait well past the Act's limitation period for contesting the nonrenewal." 324 Ark. at 493-94, 921 S.W.2d at 948.

At oral arguments, appellants contended that the contracts they signed in October 1996 were "new" contracts rather than "superseding" contracts. However, in his brief before this court, each appellant concedes that "Appellant did indeed sign a superseding contract. *McCaskill* was the law of the land in Arkansas and the trial judge was bound to follow it."

■ Appellants ask us to reverse the decision of the Arkansas Supreme Court in *McCaskill*. The Arkansas Court of Appeals is not at liberty to overturn a decision of the Arkansas Supreme Court. *See Conway v. State*, 62 Ark. App. 125, 969 S.W.2d 669 (1998); *Nelson v. Timberline Intl., Inc.*, 57 Ark. App. 34, 942 S.W.2d 260 (1997); *Cheshire v. Foam Molding Co.*, 37 Ark. App. 78, 822 S.W.2d 412 (1992); *Myles v. Paragould School District*, 28 Ark. App. 81, 770 S.W.2d 675 (1983).

Because we are unable to provide appellants with the relief requested, we do not consider their argument to reverse the award of attorneys' fees.

Affirmed.

PITTMAN, J., agrees.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. Unfortunately, the arguments in this case on appeal were refined and honed so that the arguments below, which may have had validity, are not properly before us. Thus, I must reluctantly concur in the result in this case. However, I write separately because there are serious issues that need to be mentioned.

Appellants conceded on appeal that the case of *McCaskill v. Ft. Smith Public School District*, 324 Ark. 488, 921 S.W.2d 945 (1996), was the law of the land and that the trial judge was bound to follow it. In making this concession, the parties abandoned several of the issues that they had raised below to the trial court. Several of those issues raised important questions that I believe may not be controlled by the case of *McCaskill*.

First, is the initial question of whether this action by the school board was a nonrenewal of the parties' contracts or a reas-

signment of the parties' duties. This may be a factual determination to be decided on the evidence presented and under the applicable case law. I am of the opinion that these cases are nonrenewals and not reassignments.

Mr. John Warren had been employed with the district for thirteen years. He was the head baseball coach at Arkansas High School during that entire time. For the 1995 school year, Mr. Warren was both the baseball coach and assistant football coach at Arkansas High School. Mr. Warren was very successful in his coaching position. In 1994, the baseball team won the state championship in Division AAAA and had been in the state finals four other years. The team has been district champions eleven out of fourteen years. Mr. Warren was selected by USA Baseball as National Amateur Baseball Coach of the Year for 1994. However, on April 22, 1996, Mr. Warren received a letter from the superintendent notifying him that he was to be reassigned to assistant junior-high track and football coach. Despite the fact that Mr. Warren's pay was not diminished, it is clear from this record that his responsibilities and years of work with a competitive high-school-level state baseball program had been terminated.

Teachers and coaches do not just work for monetary compensation but for personal satisfaction, prestige, professional recognition, and to advance in their careers. It is a natural progression to work from the junior-high level, to the high-school level, on to the collegiate level. Mr. Warren had established himself as one of the top baseball coaches in the state and had achieved national recognition. To be "reassigned" to an assistant junior-high coaching position was a demotion in Mr. Warren's case. In *Western Grove School District v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994), the supreme court noted:

> The School District's proposed 1993-94 Teacher Contract for Terry was not on the same terms or for the same salary as the contract for the previous year. The salary was reduced by about 20 percent and the duties were curtailed. Because of this, the case differs markedly from *Chandler v. Perry-Casa Pub. Sch. Dist. No. 2*, 286 Ark. 170, 690 S.W.2d 349 (1985). In that case, the teacher wanted an assignment as a secondary math teacher but was assigned as a computer instructor. No reduction in compen-

sation was at issue. We noted that a teacher could not always be assigned to duties of that teacher's preference and that the assignment by the school district appeared to be reasonable. In the case at bar, we agree with the circuit court that what took place was not a reassignment of duties but a nonrenewal of Terry's contract.

The only difference between *Western Grove School District* and our case is the fact that the parties' salaries were not decreased. Despite that difference, the parties' contracts were not on the same terms, and the reassignments were not reasonable. Based on the facts, I believe the factfinder could have found that the parties were not "reassigned" but that their contracts were not renewed.

Even without the determination of nonrenewal or reassignment, the superintendent and board's actions indicate that they considered that these cases should be treated under the Teacher Fair Dismissal Act. Below, the parties argued that there was no remediation by the district of the parties' behavior as required under the Act. Appellants contended that the district did not strictly comply with Ark. Code Ann. § 6-17-1504 which provides that the district shall "document the efforts which have been undertaken to assist the teacher to correct whatever appears to be the cause for potential termination or nonrenewal." In this case, the record does not disclose that there was an effort to notify Mr. Warren of the potential problems that had occurred and no effort to help him correct those problems. Thus, it appears that he was not accorded the protections under the Act. The underlying due process considerations also need further exploration.

Appellants also argued below that under Ark. Code Ann. § 6-17-1510 the board's decision was arbitrary, capricious, or discriminatory and contrary to the reasonable rules and regulations promulgated by the board. In addition, appellants challenged the qualifications and bias of the members of the board.

All of these issues raised below by appellants are not controlled by the case of *McCaskill*. In fact, the only issue that *McCaskill* addresses is the effect that a superseding contract has on the notice provisions set out in Ark. Code Ann. § 6-17-1506. I believe that the trial court erred in summarily holding that *McCaskill* was dispositive of this action without further factfinding for us

to review on appeal. But, as noted by the majority, we are limited in our review of this case because of appellants' issue on appeal.

As I noted earlier, there were several issues presented at the trial court level that I believe have merit. But, I also concur in this decision to express my deep concern for the welfare and protection of teachers' rights. Our educational system is becoming a self-fulfilling prophecy when we treat teachers as interchangeable pins. The system often treats children without imbuing them with awe at the wonders of an inquiring mind, nor the discipline of respecting and training our bodies, and ignores the psychological and moral factors that future generations need. The nostalgia for excellence in education, sports, and good citizenship may be passing as in *Goodbye, Mr. Chips* and as his counterparts become just an historical part of our educational system.

I am deeply concerned with the present structure and procedures afforded our teachers not only under the Act, but in situations of reassignments. As the situation stands, there are no protections or rights of due process for the teachers who are reassigned resulting in a demotion in duties and responsibilities. We do not allow this lack of due process in any other situation. Thus, I believe the "reassignment" of teachers raises issues that need to be addressed by the Legislature.

We are bound by our standards of review and the applicable law. So, we are constrained in certain cases to reach the fair and equitable result. These cases before us may have been two of those situations where the result would have been different, not only if the issues have been raised before us, but if the law was in place providing teachers more protection in their profession. It has been noted that "[t]he kind of work we do does not make us holy, but we make it holy." Surely, we cannot give to the teaching profession any less regard.