Kathy Lynn CLARK *v.* RANDOLPH COUNTY, *et al.*

CA 00-44                                                    36 S.W.3d 353

Court of Appeals of Arkansas
Division IV
Opinion delivered September 27, 2000

*Bill W. Bristow*, for appellant.

*Riffel & King, P.L.C.*, by: *V. James King, Jr.*, for appellees.

K MAX KOONCE, II, Judge. This is an appeal from the trial court's order of summary judgment. Appellant contends that the trial court erred in granting summary judgment in favor of appellees finding that the county was not required under the Motor Vehicle Safety Responsibility Act to insure vehicles that are not subject to registration in this state. We disagree and affirm.

Appellant, Kathy Lynn Clark, was injured when her car collided with a road grader owned by Randolph County and operated by James Burnett. Appellant was traveling in the southbound lane of a county road when she approached the top of a hill and collided with the road grader, which was heading north in the southbound lane. Appellant filed suit against James Burnett, Randolph County, and USF&G, Randolph County's insurance carrier.

USF&G moved for summary judgment on the basis that the policy did not provide coverage for the accident. The trial court granted USF&G's motion, which is not at issue in the present appeal. Randolph County then filed a motion for summary judgment on the basis that the county and its officers and employees, while acting on behalf of the county, have tort immunity. Appel-

lants responded by arguing that, pursuant to Ark. Code Ann. § 21-9-303 (Repl. 1996), the county was required to carry liability insurance on their motor vehicles or become self-insured for their vehicles in the minimum amounts prescribed by the Motor Vehicle Safety Responsibility Act, which is codified at Ark. Code Ann. §§ 27-19-101 to -720 (Repl. 1994 & Supp. 1999).

A hearing on the motion was held on August 24, 1999. After the parties made brief arguments, the judge granted the motion from the bench. As outlined in its order, the court found that the road grader was not a vehicle required to be licensed under the motor vehicle registration laws and that the county was not required under the Motor Vehicle Safety Responsibility Act to insure vehicles that are not subject to registration. Appellant appeals the trial court's order granting summary judgment.

Our standard of review with regard to summary judgment is well established. While it is no longer considered a drastic remedy, summary judgment is only approved when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the non-moving party is not entitled to a day in court. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 987 S.W.2d 755 (1999). The moving party bears the burden of sustaining a motion for summary judgment. *Id.* On appeal, we view the evidence in a light most favorable to the nonmoving party. *Id.*

Appellant argues that the county's road grader is a motor vehicle pursuant to Ark. Code Ann. § 27-19-206 (Repl. 1994), and the county was therefore required, pursuant to Ark. Code Ann. § 21-9-303, to carry liability insurance on its motor vehicles or become self-insured to the extent provided in the Motor Vehicle Safety Responsibility Act. Arkansas Code Annotated section 27-19-206 defines motor vehicle as follows:

> "Motor vehicle" means every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails.

Further, Arkansas Code Annotated section 21-9-303 provides that all political subdivisions must carry liability insurance or become self-insurers for their vehicles in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act. The county con-

tends that a road grader is not a vehicle subject to the registration laws of the State of Arkansas and that the county was not required under the Motor Vehicle Safety Responsibility Act to insure vehicles which are not subject to registration.

Our supreme court addressed this issue in *Cousins v. Dennis*, 298 Ark. 310, 767 S.W.2d 296 (1989). In *Cousins*, Tracy Cousins was injured at school when she was struck in the left eye by a rock which was thrown by a bush-hog mower pulled by a tractor. The tractor was driven by appellee L.D. Dennis who was mowing grass on the school grounds under the direction of the school maintenance supervisor. Tracy Cousins's father sued the Huntsville School District and L.D. Dennis alleging that their negligence caused his son's injury.

The supreme court in *Cousins* addressed the same issue that is raised in the present appeal — whether the school district was required, pursuant to Ark. Code Ann. § 21-9-303, to insure the vehicle that was involved in the accident. Cousins argued that the tractor used by the school district was a motor vehicle within the meaning of Ark. Code Ann. § 21-9-303. Cousins relied on *Thompson v. Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984), where the Dardanelle School District was held liable for negligence of its employee who was using a tractor on a highway when it struck a motorcycle. The supreme court was quick to dismiss Cousins's reliance on *Thompson* because the court never addressed the issue of whether a tractor is a motor vehicle under Ark. Code Ann. § 21-9-303. The Huntsville School District argued that the tractor is not a motor vehicle that is required to be insured under Ark. Code Ann. § 21-9-303. The supreme court reasoned that a tractor is excepted from registration laws under Ark. Code Ann. § 27-14-703 (Repl. 1994) as an implement of husbandry. The supreme court held that the school district was not required to insure its tractor under Ark. Code Ann. § 19-10-303(a) because the vehicle was not required to be registered under Arkansas law.

The supreme court discussed its interpretation of the relevant statutes as follows:

> In construing 21-9-303(a), it is tempting to conclude that since the General Assembly failed to mention the vehicle registration statutes, those registration laws do not apply and, thus, a political subdivision should insure every motor vehicle it owns,

registered or not. Such a construction would be erroneous for several reasons. One reason is that the language in 21-9-303(a) specifically refers to the entire Motor Vehicle Responsibility Act, which, as we previously have discussed, relies, in turn, upon Arkansas's vehicle registration and licensing laws. Another, and more important reason, is if Arkansas's vehicle registration laws are not considered when construing 21-9-303(a), absurd results would be reached. For example, if we limited the construction of 21-9-303(a) to require political subdivisions to carry liability insurance on all motor vehicles meeting the definition found in 27-19-206, a self-propelling riding lawn mower would qualify, thereby requiring the school district to include its mowers under liability coverage. This same rationale would include any self-propelled vehicle even though it is not designed or used primarily for transportation of persons or property. If we were to construe 21-9-303(a) without considering all relevant provisions of Arkansas's vehicle registration laws and Motor Vehicle Responsibility Act, another absurdity would arise by requiring political subdivisions to acquire liability insurance coverage on vehicles, which no one else in the state would be required to insure. We decline any interpretation of 21-9-303(a) that would result in an absurdity or injustice. *Ragland v. Alpha Aviation, Inc.*, 285 Ark. 182, 686 S.W.2d 391 (1985).

We believe the General Assembly, in requiring political subdivisions to purchase motor vehicle liability insurance, never intended non-registered vehicles to be covered. In passing 21-9-303, the legislature undoubtedly was aware of how Arkansas's Motor Vehicle Responsibility Act and vehicle registration laws worked together in requiring security deposits and liability insurance coverage only on those vehicles which are subject to registration. In keeping with this view, we have held that in construing any statute, we should place it beside other statutes relevant to the subject and give it a meaning and effect derived from the combined whole. *City of Fort Smith v. Brewer*, 255 Ark. 813, 502 S.W.2d 643 (1973).

In sum, in applying Arkansas's registration laws, we find, as may reasonably be expected, that mowers and other vehicles not designed for transportation purposes are designated as special mobile equipment and exempted from registration. Ark. Code Ann. 27-14-703(4) and 27-14-211 (1987). Thus, self-propelling mowers and other equipment not designed or intended for transportation purposes — being exempt from registration are not required to comply with the security deposit or liability insurance provisions required under the Act. For the same reason, the

Huntsville School District in the present case was not required to insure its tractor, because the vehicle is an implement of husbandry, which is specifically excluded from vehicle registration under 27-14-703(3).

*Cousins*, 298 Ark. at 314-15, 767 S.W.2d at 298-99.

Appellant attempts to make a distinction between *Cousins* and *Thompson*. In *Thompson*, a school-district employee was driving a tractor on a public road, as opposed to school grounds, and injured the plaintiff. The supreme court affirmed the judgment of the trial court based on *Sturdivant v. City of Farmington*, 255 Ark. 415, 500 S.W.2d 769 (1973), where the supreme court held that a municipality which fails to conform to the insurance requirements would be responsible as a self-insurer for liability not to exceed the minimum amounts set out in the Motor Vehicle Safety Responsibility Act. The court in *Thompson* did not address the issue of whether the tractor involved in the accident was a motor vehicle within the purview of Ark. Code Ann. § 21-9-303(a), as the court in *Cousins* specifically mentioned when it discussed the Cousins's misplaced reliance on *Thompson*.

■ ■ Appellees argue that the road grader involved in the present case did not have to be registered and therefore was not subject to the provisions of the Motor Vehicle Safety Responsibility Act. Arkansas Code Annotated section 27-14-703 provides that "special mobile equipment" as defined in Ark. Code Ann. § 27-14-211 (Repl. 1994) does not need to be registered. Arkansas Code Annotated section 27-14-211 provides the following definition of special mobile equipment:

> "Special mobile equipment" means every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, ditch-digging apparatus, well-boring apparatus, and concrete mixers. This enumeration shall be deemed partial and shall not operate to exclude other such vehicles which are within the general terms of this section.

A road grader falls within the definition of special mobile equipment because it is not used primarily for the transportation of persons or property and it is only incidentally operated or moved over the highways. In addition, the definition specifically includes

road construction or maintenance equipment. Because a road grader is not subject to the registration law, the county was not required to insure the road grader. This court is bound by the holding in *Cousins. See Metcalf v. Texarkana Sch. Dist.*, 66 Ark. App. 70, 986 S.W.2d 893 (1999). Therefore, we must affirm the trial court's order granting summary judgment.

■ Appellant's final point on appeal is that the trial court should be reversed because the legislature waived sovereign immunity to provide citizens with redress when injured on the highways of this state and this court should give effect to such intention. Because this court is bound by the precedent set by our supreme court, our decision cannot be affected by this public-policy argument.

Affirmed.

BIRD, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur in this affirmance, because road construction or maintenance machinery is specifically enumerated as included within the definition of "special mobile equipment" in Ark. Code Ann. § 27-14-211 (Repl. 1994), but I do not agree that a road grader, for which the sole purpose is to grade roads, is only "incidentally" operated or moved over the highways, under any commonly understood definition of "incidentally." However, it is well-settled that we will not interpret a statute so as to reach an absurd conclusion that is contrary to legislative intent. *See, e.g. Brandon v. Arkansas Public Service Comm.*, 67 Ark. App. 14, 992 S.W.2d 834 (1999).