## WILSON v. WILKINS.

Opinion delivered March 3, 1930.

138

*U. C. May* and *A. F. Smith,* for appellant.
*Evans & Evans,* for appellee.

HART, C. J., (after stating the facts). According to Blackstone, the absolute rights of each individual are defined to be the right of personal security, the right of per-

sonal liberty, and the right of private property. 3 Cooley, Bl. Com. *119.

According to the allegations of the complaint and the testimony of appellee, there was a willful intimidation of his right of personal security and right of private property by causing him to leave his home by threats and intimidation. This was an actionable wrong. Counsel for appellants concede this to be true, but they seek a reversal of the judgment on the ground that the court erred in allowing plaintiff to recover for mental suffering which was unaccompanied by any physical injury. They rely upon the rule announced in *St. L. I. M. & S. Rd. Co.* v. *Taylor,* 84 Ark. 42, 104 S. W. 551, 13 L. R. A. (N. S.) 159, and other cases, where we have held, that, in actions for negligence, there can be no mental suffering where there has been no physical injury.

The rule is well settled in this State, but it has no application to willful and wanton wrongs, and those committed with the intention of causing mental distress and injured feelings. Mental suffering forms the proper element of damages in actions for willful and wanton wrongs and those committed with the intention of causing mental distress.

According to the evidence for appellee, the very object of the words spoken in the present case was to cause him mental anxiety and thereby compel him to leave his home and farm, and this was precisely what he said he did do. In the case at bar, the mental suffering was the result of the wrongful acts of appellants against appellee; and, even though there was no physical injury, the courts generally hold that such mental suffering may be taken into consideration in assessing the damages for the wrong. In cases like this the mental suffering was the natural and proximate consequence of the willful wrong which was the basis of the action. *Kline* v. *Kline,* 158 Ind. 602, 64 N. E. 9, 58 L. R. A. 397; *Spade* v. *Lynn & Boston Rd. Co.,* 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512; *Davis* v. *Tacoma Railway & Power Co.,* 35 Wash.

203, 77 Pac. 209, 66 L. R. A. 802; *Lonergan* v. *Small,* 81 Kan. 48, 105 Pac. 27, 25 L. R. A. (N. S.) 976; 17 C. J. 831; and 8 R. C. L. 531.

This rule has been expressly recognized and applied by this court in *Lyons* v. *Smith,* 176 Ark. 728, 3 S. W. (2d) 982. In that case, plaintiff by threats and intimidation was prevented from growing and cultivating his land, and the court held that, the evidence having showed that a willful and wanton wrong had been committed against her, the trial court properly submitted the question of mental suffering, although it was unaccompanied by physical injury.

No other assignment of error is argued, and the judgment will be affirmed.