ERWIN *v.* MILLIGAN.

4-3301

Opinion delivered January 22, 1934.

*Coleman & Reeder* and *T. J. Carter,* for appellant.
*John C. Ashley* and *Roy Prewitt,* for appellee.

MEHAFFY, J. Suit was begun in the Sharp Circuit Court by Mrs. Noble C. Milligan, appellee, against the appellant, Wade Erwin. The appellee alleged in her complaint that the appellant, Wade Erwin, came to her home in Sharp County, and, in the absence of her husband, unlawfully, wilfully and contemptuously did insult, disturb, disquiet and threaten her by the use of indecent language and proposals; that, because of said wrongful acts, words and proposals made to her by appellant, she became ill, excited and nervous; that her moral sensibilities and ideals of decency and propriety were shocked, and that she suffered, because of said acts and proposals, a nervous collapse and great pain, anguish and humiliation. She alleges that she was pregnant with child; that, because of her mental condition, nervous and physical

shock brought about by the improper conduct of the appellant, she was caused to have a miscarriage, and was caused great physical pain and suffering and irreparable injury to her health; that she was confined to her bed, and forced to expend large sums for doctor's bills and medicine; that her health was permanently injured. She also alleges that, prior to the misconduct of appellant mentioned in her complaint, she was a strong healthy woman, able to do her housework and assist her husband in the fields, making and harvesting his crops; that since the acts complained of she had been nervous, irritable and unable to perform her necessary duties or assist her husband as before; that, because of said wrongful acts and proposals, she had been damaged in the sum of $5,000 actual damages, and in the sum of $2,500 punitive damages. She prays judgment in the sum of $7,500, and costs.

The appellee, Noble C. Milligan, also filed suit against appellant and alleged the same acts and proposals of appellant that are alleged in the complaint in the suit brought by his wife, and, in addition, alleges that he lost the services of his wife, and had to pay doctor's bills. He prays for judgment in the sum of $2,500.

Appellant filed answer in each case, denying all the allegations in each complaint. The two cases were consolidated and tried together.

The appellee, Mrs. Noble C. Milligan, testified that she had three children, the oldest four years of age; that she had known appellant for 15 or 16 years; that in April, 1931, he came to her home twice; that he came the second time to their home a few days later about noon; when he arrived, she testified that her husband was coming from the field; that they met and shook hands, and talked something about appellant's purchasing a tractor from her husband; that they had this talk while she was preparing dinner; that, when they had eaten, appellant and her husband talked awhile, and her husband said he had to go to the field; appellant did not make any answer; he made no attempt to get up, and her husband then said that he had to go to his mother's to get a team, and told appellant to meet him as he came back and go to the field with him, and appellant agreed. Appellant remained sitting there

talking. to appellee; her husband went on to the field, and, when she began to stack the dishes, appellant said: "I will give you my hand that I am your friend," and she told him she never expected him to be anything else but her friend. He then said: "I keep secrets, too," and by that time witness said appellant was reaching for her hand, and he acted as though he was going to draw her to him and kiss her. She was shocked, and told him she thought he was a Christian man; that he took hold of her right hand and she jerked back, and told him to go back where her husband was. He then asked her if he could stop as he came back by, and she told him he could not, but to go back where her husband was. He then said: "You will let me stop and be a friend to you for some money, won't you?" and she told him, if he had any money to give away, to give it to her husband. He then said: "I would rather give it to you." She testified that he asked her if she were going to tell her husband, and she said "Yes." He then said: "If you do, he might think something if you did."

This is substantially all of appellee's testimony as to what appellant said and did. She then described her shock and injury, her miscarriage and suffering, and inability to do her work.

Dr. I. M. Huskey testified that he treated Mrs. Milligan, appellee, on April 20th; that she was suffering with an abortion, and was in a serious condition. A hypothetical question was asked him, which recited the facts testified to by Mrs. Milligan, and closed as follows: "What in your judgment would be the cause of the miscarriage or abortion?" He answered that would be a sufficient cause for the abortion in the absence of any other condition in the way of disease or injury; that it would lead him to the natural conclusion that the severe mental strain of her condition would be the cause of her trouble.

There was some evidence introduced, tending to corroborate the evidence of appellee as to her illness, and all of the facts testified to in support of appellee's contention were contradicted by appellant and his witnesses.

The appellee, Noble C. Milligan, testified that he had expended $25 for doctor's bill. He also testified that

his wife was sick and unable to do the work which she did prior to the time of appellant's alleged misconduct, but he did not testify how much work she did nor how much of her services he was deprived of by reason of her injury, and there was no testimony by any witnesses as to the value of her services.

Noble Milligan sued to recover doctor's bills, and for loss of services, and obtained a judgment for $125. He testified about the condition of his wife and her inability to perform the services she had been performing, but he did not testify as to any acts or words of the appellant. He could not do so because he was not present. No one testified about the acts of Erwin, except Mrs. Milligan, the wife of Noble Milligan. This evidence of Mrs. Milligan could not be considered in her husband's case, and, since no one else testified to anything that was done or said by Erwin, there was no evidence in Noble Milligan's case that Erwin did or said anything.

Section 4146 of Crawford & Moses' Digest provides that husband and wife are incompetent to testify for or against each other, and the court told the jury that the testimony of Mrs. Milligan could not be considered by them in the case of Noble Milligan. This instruction was correct.

In the case of *Railway Co. v. Amos*, 54 Ark. 159, 15 S. W. 362, a case where there was a joint action by husband and wife against the railway company, the court said: "But no objection was made to the joinder, and no question arises upon it now except its bearing upon the competency of the plaintiffs as witnesses in the cause. It is argued that, as both plaintiffs were interested in the result, neither was competent to testify in the cause. But either was a competent witness in his or her own behalf, and the rule is settled by the previous decisions of this court that, in cases in which a party may be a witness for himself, marriage is not a disqualification as to his interest in the case, notwithstanding the other party to the marriage is a party to the suit." So, in the instant case, the wife was a competent witness in her own case, and might testify in her own behalf, but she could not testify in the case of her husband.

This court again said: "So it may be taken as settled by these two decisions that the fact that the husband and wife are joint plaintiffs in an action does not prevent either of them from testifying in his or her own case." *L. R. Gas & Fuel Co.* v. *Coppedge,* 116 Ark. 334, 172 S. W. 885.

Again we said: "This court has held that the fact that a husband and wife have joint claims in an action, does not prevent either of them from testifying in his or her own case, but that the testimony of the wife cannot be considered in the case of the husband, and the testimony of the husband cannot be considered in the case of the wife." *Murray* v. *Jackson,* 180 Ark. 1144, 24 S. W. (2d) 960.

It therefore appears that there was no competent evidence in the case of Noble Milligan tending to show any wrongful conduct on the part of the appellant. Since there was no competent evidence in this case, and as no one except the wife can testify to anything done or said by Erwin, the judgment in the case of Noble C. Milligan against Wade Erwin must be reversed, and the cause dismissed.

The court submitted to the jury, in the case of Mrs. Milligan against the appellant, the question of punitive damages. Punitive damages are damages imposed by way of punishment, and are given for that purpose in addition to compensation for the loss sustained. It is generally said that punitive damages are awarded in view of the supposed aggravation of the injury to the feelings of the plaintiff by the wanton or reckless act of the defendant. 17 C. J. 968 *et seq.;* 8 R. C. L. 579; *St. L. S. W. Ry. Co.* v. *Owings,* 135 Ark. 56, 204 S. W. 1146; *Mo. Pac. Rd. Co.* v. *Yancey,* 178 Ark. 147, 10 S. W. (2d) 22; *Moore* v. *Wilson,* 180 Ark. 41, 20 S. W. (2d) 310.

We are of the opinion that, under the rules announced by these authorities, there was no evidence justifying the award of punitive damages, and the court erred in giving instruction No. 7 at the request of the appellee, which authorized the jury to return a verdict for punitive damages in favor of the appellee.

Appellant contends that appellee cannot recover in this case under the rule announced by this court that no recovery can be had for mental pain and anguish unaccompanied by physical injury and caused by unintentional negligence. He calls our attention to several authorities. The rule is well established that there can be no recovery for fright or mental pain and anguish caused by negligence where there is no physical injury. But the rule is equally well established that a recovery may be had where the injury is caused by wilful or intentional conduct. This suit is not based on negligence, but on the alleged intentional wrongful conduct of appellant.

"As a general rule, damages are recoverable for mental suffering consisting in a sense of wrong or insult, indignity, humiliation or injury to the feelings; and this rule is particularly applicable, it is said, where such suffering is the result of a wanton or intentional trespass on the person of a woman." 8 R. C. L. 521.

In the case of wilful or intentional wrong, the rule invoked by appellant has no application. *Rogers* v. *Willard*, 144 Ark. 587, 223 S. W. 15.

The appellant objected to the hypothetical question propounded to the physician, but we do not think there was any error in asking this question. The objection is that it did not contain all the facts in evidence. The evidence showed that shortly after the misconduct of appellant, alleged as the basis of the action, the appellee, Mrs. Milligan, rode two or three miles in a truck, and appellant contends that this should have been embraced in the hypothetical question, but there is no evidence that she received any injury by this ride, and it was not necessary to include this in the hypothetical question. Besides, the appellant asked practically the same question when his physician, Dr. Tibbles, was testifying, and in his question there was nothing said about the ride in the truck. We are of opinion that the hypothetical question was proper.

We have carefully read and considered the instructions, and have reached the conclusion that there was no error in giving or refusing to give instructions.

The evidence of appellee, Mrs. Milligan, and of the physician, if believed by the jury, was sufficient to support the verdict, and it is the province of the jury to pass upon the credibility of witnesses and the weight to be given to their testimony. It follows from what we have said that the judgment in favor of the husband should be reversed, and the cause dismissed; that the judgment for punitive damages in favor of the wife should be reversed and dismissed, and that the judgment for $750 in favor of Mrs. Milligan should be affirmed.

It is so ordered.