2010 Ark. 465

**Karen DOWTY and Alvis Eugene Dowty, Sr., and Karen Dowty as next friends of Riggs Dowty, a Minor, Appellants**

v.

**Evelyn RIGGS, Appellee.**

No. 10–32.

Supreme Court of Arkansas.

Dec. 2, 2010.

Grider Law Firm, PLC, Pocahontas, by: M. Joseph Grider, Murphy, Thompson, Arnold, Skinner & Castleberry, by Casey Castleberry, and Peel Law Firm, by David B. Peel, for appellants.

Cahoon & Smith, Jonesboro, by T. Benton Smith, and Fridal, Eldredge & Clark, LLP, Little Rock, by: William A. Waddell, Jr., for appellee.

Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for amicus curiae Arkansas Trial Lawyers Association.

JIM HANNAH, Chief Justice.

Appellants Karen Dowty and Karen Dowty and Alvis Eugene Dowty, Sr. ("Gene"), as next friends of Riggs Dowty, a minor, appeal from an order of summary judgment entered against them in their suit against appellee Evelyn Riggs to recover damages for negligence and for negligent infliction of emotional distress. On appeal, appellants contend that the circuit court erred in granting Evelyn's motion for summary judgment because a genuine issue of fact remains as to whether her conduct was willful or wanton. Additionally, appellants assert that the circuit court erred in granting the motion because the facts of this case demonstrate that Arkansas should recognize the tort of negligent infliction of emotional distress; therefore, they urge this court to overrule precedent and recognize a new tort. We assumed jurisdiction of this case pursuant to Arkansas Supreme Court Rule 1–2(b)(5) (2010), as the appellants have requested that this court overrule precedent. Although there are claims still pending in this matter, the circuit court issued a certificate pursuant to Arkansas Rule of Civil Procedure 54(b) (2009) to permit an immediate appeal. We affirm the circuit court.

The claims in this case arose from an incident that occurred on October 29, 2004, at the home of Evelyn, who is Karen's mother. That day, Karen, Gene, and Riggs traveled to Evelyn's residence to help her with some yard work. When they arrived, Evelyn's adult son, Perry Riggs, approached the vehicle and displayed a .25–caliber pistol. When Gene got out of the vehicle, Perry shot him in the arm. Karen exited the vehicle, and Perry continued to fire the gun. Thereafter, Karen removed Riggs from the vehicle and left the scene. Neither Karen nor Riggs was physically injured. Perry was charged with one count of battery, one count of aggravated assault on a family or household member, one count of terroristic threatening, and one count of endangering the welfare of a minor, but he was acquitted because of mental disease or defect.

On October 12, 2007, Karen, Gene, and Riggs filed a complaint against Evelyn, alleging claims for negligence, based upon the grounds of premises liability and negligent entrustment. Additionally, Karen and Riggs alleged claims for negligent infliction of emotional distress. Evelyn moved for summary judgment on the claims of Karen and Riggs, contending that Arkansas does not recognize the tort of negligent infliction of emotional distress and that Karen and Riggs admitted that they had suffered no physical injury. Karen and Riggs responded, and while they agreed that Arkansas does not recognize a claim for negligent infliction of emotional distress, they contended that the facts of their case demonstrate that the claim should be recognized. The circuit court granted summary judgment in favor of

Evelyn, and appellants now bring this appeal.

## I. *Jurisdiction—Rule 54(b)*

■ As a preliminary matter, we must address Evelyn's contention that this court lacks jurisdiction of this appeal due to the lack of a final, appealable order. In this case, the three plaintiffs, Gene, Karen, and Riggs, asserted claims against Evelyn. The order appealed from granted summary judgment in favor of Evelyn as to the claims of two plaintiffs, Karen and Riggs, and contained a certificate pursuant to Arkansas Rule of Civil Procedure 54(b) that the order was a final judgment. The circuit court made the certification at Karen and Riggs's request, over Evelyn's objection.

■ While a final, appealable order must dismiss all parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy, Rule 54(b) provides that a circuit court may direct the entry of final judgment with regard to fewer than all of the claims or parties by an express determination that there is no just reason for delay. *Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80. When an appropriate certification is made by the circuit court pursuant to Rule 54(b), this court considers the judgment final for purposes of appeal. *Id.* We review the circuit court's findings and certification for an abuse of discretion. *Id.*

Evelyn asserts that the appeal should be dismissed because the circuit court failed to set forth sufficient reasons, pursuant to Rule 54(b), to allow for an immediate appeal. In this case, the circuit court made the following findings:

1. All three (3) Plaintiffs filed identical lawsuits against the Defendant with the Plaintiffs, Karen and Riggs Dowty, filing the additional count of negligent inflic-

tion of emotional distress against the Defendant.

2. That without an immediate appeal, two identical lawsuits arising out of the same operative facts would be held. The first would involve the remaining allegations by the Plaintiff, Gene Dowty, against the Defendant while the remaining allegations by the Plaintiffs, Karen and Riggs Dowty, would be unresolved until appeal.

3. The specific factual findings of this case more starkly represent an issue for the appellate courts to decide whether or not negligent infliction of emotional distress is an appropriate cause of action in Arkansas.

4. In the event that the court's decision to grant the Defendant's Motion for Summary Judgment is overturned on appeal, without an immediate appeal at this stage, valuable resources and a substantial amount of time and money on behalf of all the litigants would be needlessly exhausted by the prosecution of what could be two separate trials with identical facts.

5. In addition, the parties are family and the decision to grant the appeal is not going to slow down the resolution of any issue between them. In the event this court denied the request for an immediate appeal, the issues would still be hanging out there, regardless of whether or not this matter proceeded to trial. The court finds that any delay in its decision to grant the Defendant's Motion for Summary Judgment would be a delay in the final resolution of the issues between the parties.

6. Therefore, an immediate appeal is necessary to prevent the danger of hardship or injustice to all the parties in this action as set forth above.

We find that the certification order states facts sufficient to justify the entry of a final, appealable order. *See, e.g., Howard v. Dallas Morning News, Inc.,* 324 Ark. 91, 918 S.W.2d 178 (1996). The circuit court did not abuse is discretion in certifying this case for an immediate appeal.

## II. *Willful and Wanton Conduct*

The appellants contend that the circuit court erred in granting summary judgment because there is a genuine issue of material fact regarding whether Evelyn's conduct was willful and wanton. They state that, prior to the incident, Evelyn knew that Perry posed a danger to others, as evidenced by "his history of violence, shooting his gun at random, illegal drug use, and psychiatric episodes." Pointing to case law where this court has stated that a landowner owes a licensee the duty to refrain from injuring him or her through willful or wanton conduct, *see, e.g., Bader v. Lawson,* 320 Ark. 561, 898 S.W.2d 40 (1995), the appellants contend that Evelyn injured them through her willful or wanton conduct because even though she knew about Perry's aberrant behavior, she failed to warn them of the danger he posed.

We decline to reach this argument, as a review of the circuit court's order granting summary judgment reveals no ruling on the issue of whether Evelyn injured the appellants through her willful or wanton conduct. This court will not consider arguments on appeal when the party has failed to obtain a ruling from the circuit court. *See, e.g., Johnson v. Cincinnati Ins. Co.,* 375 Ark. 164, 289 S.W.3d 407 (2008).

## III. *Negligent Infliction of Emotional Distress*

Finally, we turn to the appellants' contention that the circuit court erred in granting summary judgment on their claims of negligent infliction of emotional distress. The appellants acknowledge that a claim of negligent infliction of emotional distress is not recognized in Arkansas; however, they contend that the facts of this case demonstrate that this court should now recognize this cause of action. The question before us is whether we should overrule precedent and recognize a new tort.

There is a strong presumption of the validity of prior decisions. *Cochran v. Bentley,* 369 Ark. 159, 251 S.W.3d 253 (2007). This court has held that it is necessary, as a matter of public policy, to uphold prior decisions unless great injury or injustice would result. *Id.* In matters of practice, adherence by a court to its own decisions is necessary and proper for the regularity and uniformity of practice, so that litigants may know with certainty the rules by which they must be governed in the conducting of their cases. *Id.* Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. *Id.*

In addition to urging us to overrule precedent, the appellants also implore this court to recognize a new tort. This court treads cautiously when deciding whether to recognize a new tort. *Rees v. Smith,* 2009 Ark. 169, 301 S.W.3d 467. While the law must adjust to meet society's changing needs, we must balance that adjustment against boundless claims in an already crowded judicial system. *Id.* We will decline to recognize a new cause of action if there are other sufficient avenues, short of creating a new cause of action, that serve to remedy the situation for a plaintiff. *Id.*

Arkansas does not recognize the tort of negligent infliction of emotional distress. *FMC Corp. v. Helton,* 360 Ark. 465,

202 S.W.3d 490 (2005); *Mechs. Lumber Co. v. Smith,* 296 Ark. 285, 752 S.W.2d 763 (1988). This court has long held that "there can be no recovery for fright or mental pain and anguish caused by negligence, where there is no physical injury." *Erwin v. Milligan,* 188 Ark. 658, 663, 67 S.W.2d 592, 594 (1934).[1] "The reason that mental suffering unaccompanied by physical injury is not considered as an element of recoverable damages is that it is deemed to be too remote, uncertain, and difficult of ascertainment; and the reason that such suffering is allowed as an element of damages, when accompanied by physical injury, is that the two are so intimately connected that both must be considered because of the difficulty in separating them." *Chi., Rock Island & Pac. Ry. Co. v. Caple,* 207 Ark. 52, 58–59, 179 S.W.2d 151, 154 (1944) (quoting *St. Louis Iron Mountain & S. Ry. Co. v. Taylor,* 84 Ark. 42, 47, 104 S.W. 551, 552 (1907)).

The appellants contend that, even though they did not suffer any physical injury, they should be allowed to recover for the mental anguish and emotional distress caused by Evelyn's negligence. In support of their argument, they cite cases from jurisdictions that allow recovery for negligent infliction of emotional distress.[2]

---

1. We were careful to note in *Erwin* that "a recovery [for mental anguish] may be had where the injury is caused by wilful or intentional conduct." 188 Ark. at 663, 67 S.W.2d at 594. "Mental suffering forms the proper element of damages in actions for willful and wanton wrongs and those committed with the intention of causing mental distress." *Wilson v. Wilkins,* 181 Ark. 137, 139, 25 S.W.2d 428, 428 (1930). Indeed, damages for emotional distress, without any physical injury or other recoverable element of damage, have been upheld in claims based on outrage, or the *intentional* infliction of emotional distress, *see, e.g., Hess v. Treece,* 286 Ark. 434, 693 S.W.2d 792 (1985); *Growth Props. I v. Cannon,* 282 Ark. 472, 669 S.W.2d 447 (1984); *Olan Mills, Inc. v. Dodd,* 234 Ark. 495, 353 S.W.2d 22 (1962), and in cases involving claims of willful and wanton conduct, *see, e.g., Erwin, supra; Wilson, supra.* And, Arkansas's wrongful-death statute allows for statutory beneficiaries, who have suffered no physical injury as a result of a tortfeasor's negligence, to recover for mental anguish. *See* Ark.Code Ann. § 16–62–102(f)(2) (Repl.2005).

2. *See Groves v. Taylor,* 729 N.E.2d 569, 573 (Ind.2000) (adopting "bystander" or "relative bystander rule" and holding that when the "direct impact test is not met, a bystander may nevertheless establish 'direct involvement' by proving that the plaintiff actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortious conduct"); *Shuamber v. Henderson,* 579 N.E.2d 452, 456 (Ind.1991) (holding that "[w]hen ... a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, ... such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff"); *Bovsun v. Sanperi,* 61 N.Y.2d 219, 473 N.Y.S.2d 357, 461 N.E.2d 843, 850 (1984) (recognizing "the right of a plaintiff to whom the defendant has owed but breached a duty of reasonable care (as determined under traditional tort principles) to recover as an element of his or her damages, those damages attributable to emotional distress caused by contemporaneous observation of injury or death of a member of the immediate family caused by the same conduct of the defendant"); *Kennedy v. McKesson Co.,* 58 N.Y.2d 500, 462 N.Y.S.2d 421, 448 N.E.2d 1332, 1335 (1983) (noting that "there is no duty to protect from emotional injury a bystander to whom there is otherwise owed no duty, and, even as to a participant to whom a duty is owed, such injury is compensable only when a direct, rather than a consequential, result of the breach"); *Eskin v. Bartee,* 262 S.W.3d 727, 738 (Tenn.2008) (allowing recovery of damages for the negligent infliction of emotional distress by plaintiffs who have a close person-

While the appellants offer rules for recovery used by other jurisdictions, they do not advocate that this court adopt a particular set of rules. In essence, we are asked to adopt a test that will most likely allow the appellants to recover damages in this case. They contend that a negligent-infliction-of-emotional-distress claim provides the only relief for them because "[t]he attacker, Perry Riggs, cannot be held responsible due to considerable, debilitating mental defects." But this court cannot simply overrule precedent and recognize a new tort due to the appellants' inability to recover damages from the person they have identified as their "attacker."

Further, none of the cases cited by the appellants are factually analogous to the instant case. On the other hand, a case that is somewhat factually similar to the instant case, because it involves an allegation of negligence based upon premises liability, does not support the appellants' position. In *Motor Express, Inc. v. Rodriguez*, 925 S.W.2d 638 (Tex.1996), the Texas Supreme Court considered the issue of whether a person who witnesses an accidental death, but suffers no personal physical injury himself, may recover damages for mental anguish from the landowner. The plaintiff and his wife's cousin were inspecting the tires of the plaintiff's rig parked on the shoulder of the defendant's trucking business when a driver traveling at a high rate of speed lost control of his vehicle on the highway, striking and killing the wife's cousin and narrowly missing the plaintiff. The plaintiff sued the defendant to recover damages for the mental anguish he suffered as a result of his life-threatening experience and his witnessing the death of his wife's cousin. The Texas Supreme Court stated:

> In *Boyles v. Kerr*, we held that there is no general duty not to negligently inflict emotional distress. 855 S.W.2d 593, 597 (Tex.1993). A claimant may, however, recover mental anguish damages caused by a defendant's breach of some other legal duty. *Id.* Here, although Rodriguez was not physically injured by the speeding car, he argues he is entitled to recover damages for his mental anguish because Motor Express breached a duty as a landowner to provide adequate safe parking for the rigs on its premises. We disagree.
>
> There are few situations in which a claimant who is not physically injured by the defendant's breach of a duty may recover mental anguish damages. *See, e.g., Freeman v. City of Pasadena*, 744 S.W.2d 923, 923–24 (Tex.1988) (bystander recovery); *Silcott v. Oglesby*, 721 S.W.2d 290, 292 (Tex.1986) (intentional tort of child abduction); *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex.1984) (defamation); *Billings v. Atkinson*, 489 S.W.2d 858, 860–61 (Tex. 1973) (invasion of privacy); *Stuart v. Western Union Tel. Co.*, 66 Tex. 580, 18 S.W. 351, 353 (1885) (failure of telegraph company to timely deliver death mes-

al relationship with an injured party and who arrive at the scene of the accident while the scene is in essentially the same condition it was in immediately after the accident); *Ramsey v. Beavers*, 931 S.W.2d 527, 532 (Tenn. 1996) (rejecting a rigid "zone of danger" test and "recogniz[ing] that in certain circumstances a plaintiff whose physical safety is not endangered may nonetheless suffer compensable mental injury as a result of injuries to a closely related third person which plaintiff observes sensorily"); *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn.1996) (abandoning the physical manifestation or injury requirement for negligent infliction of emotional distress and holding that a prima facie claim of that tort must include evidence establishing each of the five elements of negligence and, for "stand-alone" negligent infliction of emotional distress cases, expert proof establishing that the plaintiff's emotional distress is serious or severe).

sage); *Pat H. Foley & Co. v. Wyatt*, 442 S.W.2d 904, 906–07 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.) (negligent handling of corpse).

Most recently, we held a father may not recover mental anguish damages suffered as a result of his wife's injury and loss of her fetus. *Krishnan v. Sepulveda*, 916 S.W.2d 478, 482 (Tex.1995). While there may be certain relationships that give rise to a duty which, if breached, would support an emotional distress award even absent proof of physical injury, *Boyles*, 855 S.W.2d at 600, the landowner-invitee relationship is not one. Because Rodriguez did not suffer a physical injury, and because Motor Express did not have some other specific duty of care under the circumstances, Rodriguez cannot recover mental anguish damages.

*Rodriguez*, 925 S.W.2d at 639–40. Thus, even in a jurisdiction that allows for mental-anguish damages caused by the breach of a legal duty, the court was unwilling to allow recovery for the breach of a landowner's duty to an invitee,[3] a duty that is broader than the duty owed to the appellants, who were mere licensees.

We do not overrule our common law cavalierly or without giving considerable thought to the change. *Zinger v. Terrell*, 336 Ark. 423, 430, 985 S.W.2d 737, 741 (1999). In this case, the appellants have failed to demonstrate that great injury or injustice would result were we to continue to uphold the prior decisions of this court. We are mindful that the majority of jurisdictions in this country allow recovery for negligent infliction of emotional distress. *See* John J. Kircher, *The Four Faces of Tort Law: Liability for Emotional Harm*, 90 Marq. L. Rev. 789, 809 (2007). And we

acknowledge that advances in the understanding of the effects of emotional trauma may belie our rejection of claims that we have previously "deemed to be too remote, uncertain, and difficult of ascertainment." *Caple*, 207 Ark. at 58–59, 179 S.W.2d at 154 (quoting *Taylor*, 84 Ark. at 47, 104 S.W. at 552). Accordingly, we may revisit the issue in the future. Here, however, the facts in the present case do not warrant the creation of a new tort.

Affirmed.

---

**3.** The Texas Supreme Court assumed, without deciding, that Motor Express owed Rodriguez a duty. *Rodriguez*, 925 S.W.2d 638, 639 n. 1.