SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-11

| | | |
|---|---|---|
| WILLIAM L. BATEMAN<br>APPELLANT | | **Opinion Delivered** September 30, 2015 |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. CV-2011-594-2] |
| LILLIAN C. HEIRD<br>APPELLEE | | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| | | AFFIRMED |

**RITA W. GRUBER, Judge**

This is a second appeal regarding the amount of the attorney's fee that William L. Bateman was awarded on his small–claims judgment for property damage in a motor-vehicle accident. *See Bateman v. Heird*, 2013 Ark. App. 671 (*Bateman I*) (remanding for consideration of the factors of *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990)). Mr. Bateman brings the present appeal from the order that the trial court entered on remand. He contends, as he did in the first appeal, that the trial court abused its discretion in awarding only $750 as his attorney's fee. We affirm.

While the decision to award an attorney's fee and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court under a clearly erroneous standard. *Carter v. Cline*, 2013 Ark. 398, at 5, 430 S.W.3d 22, 26. Although there is no fixed formula for determining a reasonable attorney's fee, a court should be guided by these long-recognized factors:

SLIP OPINION

(1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney.

*Id.* at 9–10, 430 S.W.3d 22, 28 (citing *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990)). Because of the trial court's intimate acquaintance with the record and the quality of service rendered, the appellate court will usually recognize the judge's superior perspective in assessing the applicable factors. *Id.*

The following facts concerning the motor-vehicle accident are pertinent to the present appeal. Mr. Bateman's daughter was driving his car and, while stopped at a red light, was hit from behind by a car that Lillian C. Heird was driving. The Batemans filed a lawsuit against Ms. Heird in September 2011. Ms. Bateman sought damages for personal injury, and Mr. Bateman sought $622.98 of property damage and $50 costs for renting a car while his was being repaired. As allowed by statute, Mr. Bateman requested double damages, an attorney's fee, and court costs for failure to pay damages:

In all cases wherein loss or damage occurs to property resulting from motor vehicle collision amounting to one thousand dollars ($1,000) or less, and the defendant liable, without meritorious defense, shall fail to pay the loss or damage within sixty (60) days after written notice of the claim has been received, then the defendant shall be liable to pay the person entitled thereto double the amount of the loss or damage, together with *a reasonable attorney's fee*, which shall not be less than two hundred fifty dollars ($250), and court costs.

Ark. Code Ann. § 27-53-402(a) (Repl. 2010) (emphasis added).

In November 2012, upon motion of Ms. Bateman, the trial court dismissed her

personal-injury claim without prejudice, and a bench trial was held eight days later on Mr. Bateman's claim for property damage. At the conclusion of the trial and in a subsequent written judgment, the court fixed property damage at $622.98, doubled the damages pursuant to statute, awarded $50 for car rental at $25 dollars for each of two days, and awarded a $750 attorney's fee and $215 in fees for filing and service.[1] In *Bateman I*, Mr. Bateman appealed the trial court's award of his attorney's fee as not being a reasonable amount. Because we were unable to determine the basis of the trial court's decision, we remanded for consideration of the *Chrisco* factors.

After remand, Mr. Bateman filed a supplemental motion for attorney's fee in the trial court. He renewed his previous motion for fees and services provided by his own attorney, Winfred A. Trafford; for $1600 to Terry F. Wynne, who had tried the previous case; and $2432 to Bridges, Young, Matthews & Drake, PLC, for work on appeal. Attached to the motion were three exhibits: the Trafford Law Firm's time sheets for pertinent dates from August 2009 through December 2012; Mr. Wynne's invoice for services from April through November 2012; and billings from the Bridges law firm from February through July 2013. Additionally, Mr. Bateman asked that "the award be enhanced by a multiple of five (5) to $87,347.50 plus the fees to the conclusion of this proceeding." He asserted that—in light of a stipulation of Ms. Heird's liability for the accident and of her expert's agreement with the amount of property damages—her defense and her insurer's failure to pay the claim were "clearly frivolous and acts of bad faith."

---

[1] *See Bateman I* for a complete history of the proceedings below.

SLIP OPINION

On September 19, 2014, the trial court conducted a hearing on whether Mr. Bateman's request was reasonable. Mr. Trafford testified regarding his work on the case. Gene McKissic, an attorney in the community, testified that both Mr. Trafford's services in the case and his "below market" hourly rate of $175 were reasonable. The court accepted a stipulation that testimony by Zack Taylor would duplicate that of Mr. McKissic.

By written order of October 22, 2014, the trial court again awarded $750 as a reasonable attorney's fee. The court rejected Mr. Bateman's request to increase the fee he claimed by an enhancement multiplier, finding that he had provided no legal basis or authority for the enhancement. The court's analysis of the *Chrisco* factors in this case included the following findings.

### 1. *Experience and Ability of the Attorney*

Mr. Trafford, a member of the Arkansas bar for more than forty years, had a good reputation within the Jefferson County Bar.

### 2. *Time and Labor Required to Perform the Service Properly*

The lawsuit sought damages for personal injury and property damage. Mr. Trafford requested 6.84 hours at $175 an hour as his own attorney's fee, 8 hours at $200 an hour for Terry Wynne, 17 hours at $143 an hour for Jack Talbot, and an enhancement of five times those amounts. Furthermore,

> [b]ecause this was filed as a personal injury and property damage case, the Court cannot separate the fee for the time spent exclusively on the property damage aspect of the trial. Although Trafford testified that all of the time requested was exclusively for the property damage aspect of the case, the Court finds that his testimony lacks credibility.



### 3. *Amount in Controversy and the Result Obtained in the Case*

The Batemans' complaint sought unspecified personal-injury damages up to $75,000 and sought property damage of $622.98 plus statutory penalty and an attorney's fee. After the bench trial, the court awarded $622.98 for property damage, $622.98 for the statutory penalty, $50 for a rental car, and $750 for the attorney's fee and costs. The personal injury case was non-suited eight days before the scheduled jury trial. At the hearing after remand, Mr. Trafford testified that "the personal injury claim was not worth pursuing because his client had very small damages of approximately $500 for three chiropractor visits," an amount that Mr. Trafford did not believe a jury would award.

### 4. *Novelty and Difficulty of the Issues Involved*

"Both sides and the Court agree that this is a simple personal injury and property damage case."

### 5. *Fee Customarily Charged for Similar Services in the Local Area*

The court "is unaware of any attorney who charges an hourly rate" in personal injury and property damage cases, where the fee is customarily contingent.

### 6. *Whether the Fee is Fixed or Contingent*

Mr. Trafford presented no evidence of whether his fee arrangement with the Batemans was fixed or contingent. Although he introduced his "statement" for services, there was no evidence of a contract for his services to the Batemans or any billing for his work.

### 7. *Time Limitations Imposed upon the Client in the Circumstances*

Two days were required for the repair of Mr. Bateman's vehicle, and he was awarded reimbursement to cover the expense of renting a car. The circumstances of the case did not impose time limitations on anyone, nor were time limitations involved. Moreover, the first trial was continued at Mr. Bateman's request so that he could conduct further discovery.

8. *Likelihood, if Apparent to the Client, that the Acceptance of the Particular Employment will Preclude Other Employment by the Attorney*

Again, the parties agreed that this was a simple personal injury and property damage case. Further, there was "no evidence" that Mr. Trafford was precluded from any other employment or was precluded from accepting any new cases. Despite testifying that he was precluded from accepting other cases, he could not recall any specific case that he turned down because of this one.

The trial court concluded that the attorney's fee claimed in this case was "grossly excessive." In arriving at its conclusion, the court revisited its findings under the *Chrisco* factors. It noted that, in its own experience, it was not uncommon for a defendant to admit liability for an accident but to dispute proximate cause and damages; that the complaint sought up to $75,000 for personal injuries; and that the defendant here had no choice but to prepare for trial and to utilize discovery methods allowed by our rules of civil procedure. It also noted that Mr. Bateman never sought the court's relief for abusive or offensive discovery methods and that his attorney testified that the personal injury claim was not worth pursuing because he did not think a jury would award the $500 in damages for chiropractic visits. The court found that this was a simple personal-injury and property-damage case with no difficult or novel issues, and that nothing about it should have required excessive time or labor by his

6

attorney, who waited until eight days before the scheduled jury trial to nonsuit the personal injury claims.

On October 30, 2014, Mr. Bateman filed a motion for new trial and for reconsideration. Because there was no ruling on the motion, it was deemed denied thirty days later. Mr. Bateman brings the present appeal from the trial court's October 22, 2014 order awarding an attorney's fee of $750 and the denial of his motion for new trial and for reconsideration.

Mr. Bateman contends, as he did in *Bateman I*, that the trial court abused its discretion in again awarding an attorney's fee of only $750. He requests that the case be remanded with orders that the trial court more realistically consider the value of the time his attorney, Mr. Trafford, had to spend on it. Mr. Bateman notes Ms. Heird's response to his supplemental motion, in which she admitted causing the accident but denied causing any personal injury or property damage and conceded that some inefficiency was to be expected when inexperienced counsel such as hers were involved. He relies on various parts of Mr. Trafford's testimony: he had handled more than a thousand lawsuits; he had never had to spend as much time on a case as this one, which he was forced to do because of defense motions and discovery requests; the jury trial was requested by the defense; his agreement with Mr. Bateman—a client of forty years—was that he would owe nothing if there was no recovery from the insurance company. Pointing to the defense's lengthy depositions of the Batemans, along with its interrogatories and production requests, Mr. Bateman asserts that the trial court abused its discretion by ignoring the time that a lawyer must spend on motions

and discovery requests even if a case is factually simple. He argues that his failure to object to discovery as being oppressive misses the point: Arkansas Code Annotated § 27-53-402 is meant to discourage time-consuming and unnecessary discovery devices. He argues that the absence of billing Mr. Bateman is of no significance; that his [Trafford's] fee was contingent; that his $175 hourly fee was accepted as reasonable; and that, whether the tiny nonsuited personal injury claim could be separated from the property damage claim or not, $750 was laughable for the time required in this case and was contrary to the purpose of the statute.

We find no merit to Mr. Bateman's arguments. Significantly, the trial court found a lack of credibility to Mr. Trafford's testimony that all of the claimed time for the attorney's fee was exclusively for the property damage aspect of the case. The court stated its inability, because the complaint was filed as a personal injury and property damage case, to separate the fee for time spent exclusively on the property damage aspect of the trial. The court found that no time limits were imposed upon the client, who was awarded his two-day car-rental fee for the time that his car was being repaired. Noting Mr. Trafford's inability to recall any specific case that he had turned down because of this one, the court found no evidence that this case precluded him from any other employment or from accepting new cases. The court also found no evidence of a legal basis or authority for enhancing the requested fee by five.

These findings turned on determinations of the credibility of trial testimony and the weight of the evidence, which are matters within the purview of the trial court rather than the appellate court. We hold that the trial court did not clearly err in making the findings on which it based its decision to award an attorney's fee in the amount of $750. We find no

abuse of discretion by the trial court in making that determination, and we affirm.

Affirmed.

KINARD and HIXSON, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Huckabay Law Firm, PLC*, by: *James T. Sayes*, for appellee.