Cite as 2021 Ark. App. 47

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–20–319

|  |  |
|---|---|
| STEPHEN W. BOATRIGHT, INDIVIDUALLY AND ON BEHALF OF STEPHEN W. BOATRIGHT, DDS, P.A. <br><br> APPELLANTS <br><br> V. <br><br> S-R PLAZA, LLC <br><br> APPELLEE | **Opinion Delivered:** February 3, 2021 <br><br> APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION [NO. 60CV-13-2976] <br><br> HONORABLE MARY SPENCER MCGOWAN, JUDGE <br><br> AFFIRMED |

## RITA W. GRUBER, Judge

This appeal arises from a landlord-tenant dispute over damages suffered by the landlord at the termination of the parties' lease.[1] Appellants Stephen Boatright, individually, and Stephen Boatright, D.D.S., P.A. (hereinafter, "Boatright"), contend on appeal that the circuit court abused its discretion by granting the landlord S-R Plaza's motion in limine and thereby excluding any evidence regarding repairs and alterations to the leased premises after termination of the lease. Boatright also appeals the circuit court's award of attorney's fees awarded pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999). We affirm.

---

[1]We dismissed a previous appeal in this case for lack of a final order. *See Boatright v. S-R Plaza, LLC*, 2018 Ark. App. 582.

On July 30, 2002, S-R Plaza entered into a lease with Boatright for a period of ten years for appellants' use as a dental office.[2] The lease space was in a new building that had not been "finished out." Pursuant to a construction-allowance arrangement, Boatright hired a contractor and installed all interior walls, molding, cabinetry, heat and air, plumbing fixtures, floor covering, lighting, and dental equipment to create a dental office in the space. Excluding Boatright's "moveable equipment or furniture" and "dental equipment," all "alterations, physical additions or improvements to the leased premises made by Tenant" became the property of S-R Plaza and were to be surrendered with the lease upon termination. At the end of the extended lease term, the parties disagreed about when Boatright had "vacated" the premises and, consequently, the amount of rent that remained due. They also disputed the condition of the premises after Boatright had vacated and whether Boatright had removed items belonging to S-R Plaza under the lease.

S-R Plaza filed a complaint against Boatright contending that they had failed to vacate by the end of the lease term and that they had removed sinks and counters, millwork, cabinets, and granite base trim from the leased premises before vacating. S-R Plaza alleged that Boatright had breached the lease agreement and requested damages for unpaid rent and for removal of the items and associated damage to the property. They also alleged a claim of conversion, contending Boatright had exercised dominion and control over S-R Plaza's property—sinks, counters, millwork, cabinets, and base trim—in violation of S-R Plaza's rights and requested damages for the replacement cost of the items. Boatright filed an answer denying the claims and later an amended answer and counterclaim, alleging breach of the

---

[2]The lease was extended for several months, but no issues related to this are on appeal.

2

lease agreement due to S-R Plaza's failure to provide construction–administration services as promised.

On December 29, 2014, the circuit court granted in part S-R Plaza's motion for summary judgment finding Boatright breached the lease agreement "as to the amounts due and owing" for rent for April and May 2013 and finding Boatright breached the lease agreement regarding removal of granite base moldings from the entire leased premises and the sinks and toilets from the staff restroom and patients' restroom. The court found that a question of fact remained as to whether fixtures in areas other than restrooms, cabinetry, and countertops constituted "dental equipment" and thus denied summary judgment for those items.

The parties subsequently took depositions and conducted discovery, disagreeing on exactly what evidence was discoverable regarding damages. In August 2015, the circuit court entered an order denying Boatright's motion to compel discovery of information about the then current tenant, a bank, which occupied Boatright's former leased space. Boatright had argued that the information and an inspection of the space was necessary to prove damages and S-R Plaza's ability to mitigate those damages. S-R Plaza had contended that any discovery regarding the current lease and tenant was private or confidential and involved entities that were not parties to the lawsuit. S-R Plaza argued that any alteration to the premises after the lease was terminated was not relevant. The court agreed and denied the motion to compel. After further attempts by Boatright to discover evidence concerning the subsequent tenant and changes it had made to the leased space, the court entered an order

on March 17, 2017, granting S-R Plaza's motion for protective order and motion to quash Boatright's subpoena to the bank tenant.

Relying in part on these orders, S-R Plaza filed a motion in limine in June 2017 requesting the exclusion of any evidence of repairs or alterations made to the leased premises after Boatright had vacated in May 2013. S-R Plaza argued that any changes made by the bank to the space were irrelevant and any potential probative value was outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. On November 1, 2017, the court granted S-R Plaza's motion, finding that damages included the reasonable expense of necessary repairs to any property that was damaged and the cost of restoring the property to the condition it was in before the injury. The court found that the damages for breach of the lease, if any, were to be determined on the date the lease ended.

The circuit court held a jury trial on November 14 and 15, 2017, and entered a judgment in S-R Plaza's favor on December 8 incorporating the jury's interrogatories. All six of the jury's interrogatories concerned S-R Plaza's claim for breach of contract and consequent damages. The jury found that Boatright breached the lease by removing millwork from the reception and lounge areas of the leased premises and that Boatright held over in the leased premises in May 2013. S-R Plaza requested and was awarded attorney's fees, costs, and prejudgment interest.

Boatright filed this appeal, alleging that the circuit court abused its discretion in granting the motion in limine and excluding any evidence or argument regarding subsequent repairs or alterations to the leased premises after termination of the lease. They also challenge the circuit court's award of attorney's fees.

4

## I. *Motion in Limine*

We turn first to Boatright's argument that the circuit court abused its discretion in excluding evidence of repairs and alterations made to the leased premises after Boatright had vacated. In reviewing the circuit court's grant of a motion in limine to exclude evidence, we must determine whether the circuit court abused its discretion in refusing to allow evidence to be admitted. *Shields v. State*, 357 Ark. 283, 287–88, 166 S.W.3d 28, 32 (2004). On appeal, we will not reverse a circuit court's ruling on the admission of evidence absent an abuse of that discretion, nor will we reverse absent a showing of prejudice. *Rodgers v. CWR Constr., Inc.*, 343 Ark. 126, 130, 33 S.W.3d 506, 509 (2000).

Boatright argues that this evidence was highly relevant to the actual damages suffered by S-R Plaza. The jury found that Boatright breached the parties' agreement by removing millwork from the reception and lounge areas and awarded S-R Plaza $8,326 for the millwork on the basis of an estimate provided by Adam Hart. Boatright wanted to introduce evidence through Mr. Hart—whose construction company provided an estimate of the cost to restore the property to the condition it should have been in at the conclusion of the lease—that his company never performed the repairs or incurred any expense to fix the space. Boatright also wanted to introduce testimony through Dixon Flake, S-R Plaza's corporate representative, that Delta Bank & Trust had leased the space after Boatright's lease ended, that Mr. Hart had not performed the work set forth in his estimate, and that S-R Plaza had not incurred any expense to perform the repairs. Boatright argues that if S-R Plaza never performed the work and repairs set forth in Mr. Hart's estimate, it cannot recover that amount in damages because it may only recover for its "actual loss." We disagree.

5

In general, damages recoverable for breach of contract are those damages that would place the injured party in the same position as if the contract had not been breached. *Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 987 S.W.2d 722 (1999). Damages must arise from the wrongful acts of the breaching party. *Spann v. Lovett & Co.*, 2012 Ark. App. 107, at 16, 389 S.W.3d 77, 91. Moreover, the lease agreement in this case specifically provided that the "cost and expense of any repairs necessary to restore the condition of the leased premises" was to be borne by Boatright. The jury found that Boatright breached the lease agreement by removing millwork. The only evidence of the cost to replace that millwork was $8,326. The damages were incurred and measured at the time the lease terminated and Boatright vacated the space. Whether S-R Plaza actually made the repairs and the substance of its lease negotiations with a subsequent tenant are not relevant to the damages recoverable for Boatright's breach. Boatright has cited no authority or convincing argument otherwise. As this court has stated many times, arguments that are unsupported by convincing argument or authority will not be considered on appeal, unless it is apparent without further research that the arguments are well-taken. *Webb v. Bouton*, 350 Ark. 254, 260, 85 S.W.3d 885, 888–89 (2002). Accordingly, we hold that the circuit court did not abuse its discretion in excluding this evidence.

## II. *Attorney's Fees*

We turn now to Boatright's challenge to the circuit court's award of attorney's fees. While the decision to award an attorney's fee and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court under a clearly erroneous standard. *Carter v. Cline*, 2013 Ark. 398, at 5, 430 S.W.3d 22, 26. Although there

is no fixed formula for determining a reasonable attorney's fee, a court should be guided by these long-recognized factors set forth in *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990): (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. Because of the circuit court's intimate acquaintance with the record and the quality of service rendered, the appellate court will usually recognize the circuit court's superior perspective in assessing the applicable factors. *Bateman v. Heird*, 2015 Ark. App. 524, at 2, 472 S.W.3d 142, 143.

Boatright contends that the circuit court abused its discretion in awarding attorney's fees in the amount of $78,439.72 because S-R Plaza was not the prevailing party and the fees awarded are unreasonable. The court's order provides in pertinent part as follows (emphasis added):

> A. Plaintiff, S-R Plaza LLC, was the prevailing party in this lawsuit for breach of a Lease Agreement.
>
> B. As the prevailing party, *pursuant to the Lease Agreement and Ark. Code Ann. § 16-22-308*, Plaintiff is entitled to be awarded its reasonable attorneys' fees incurred in this matter.
>
> C. The relevant factors to be considered by this Court in determining what constitutes a reasonable award of attorneys' fees are set forth in *Chrisco v. Sun Industries*, 304 Ark. 227, 800 S.W.2d 717 (1990).

7

D. After due consideration of the pleadings and the relevant factors outlined in *Chrisco*, this Court FINDS, ORDERS and DECREES that Plaintiff, S-R Plaza LLC, should be and is hereby awarded supplemental judgment against Defendants, Stephen W. Boatright, individually, and on behalf of Stephen W. Boatright, DDS, P.A., in the amount of Seventy-Eight Thousand Four Hundred Thirty-Nine Dollars and 72/100 ($78,439.72) for its reasonable attorneys' fees.

The court stated specifically in its order that it was persuaded that S-R Plaza was the prevailing party and "pursuant to the Lease Agreement, as well as the Arkansas statute permitting attorney's fees in breach of contract actions, Ark. Code Ann. § 16-22-308, [S-R Plaza] is entitled to attorney's fees."

When a circuit court bases its decision on more than one independent ground—as the circuit court did here when it awarded attorney's fees pursuant to the parties' lease agreement and pursuant to Ark. Code Ann. § 16-22-308—and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. *Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2014 Ark. 279, at 6. The governing statute provides that in a breach-of-contract case, "the prevailing party may be allowed a reasonable attorney's fee." Ark. Code Ann. § 16-22-308 (Repl. 1999). In addition, pursuant to the parties' lease, Boatright agreed to pay S-R Plaza's reasonable attorney's fees in the event Boatright defaulted on "any terms, covenants, agreements, or conditions" contained in the lease and S-R Plaza hired an attorney to enforce the provisions. On appeal, Boatright challenges the award of attorney's fees under the statute only. Boatright argue that S-R Plaza was not the "prevailing party" under the statute and that the award was unreasonable. Because Boatright failed to challenge all the grounds that the circuit court relied on in making its decision, we affirm the fee award without addressing the merits.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Danny R. Crabtree*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Price C. Gardner* and *Phillip M. Brick, Jr.*, for appellee.