Cite as 2021 Ark. App. 138

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV–20–27

| | |
|---|---|
| MARY PENNEBAKER<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>FURRY FEET RETREAT, INC., AND JEANEEN NIEL<br><div align="right">APPELLEES</div> | OPINION DELIVERED: March 31, 2021<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-18-623]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Mary Pennebaker appeals the October 7, 2019 order entered by the Saline County Circuit Court. She argues that the trial court improperly excluded evidence of her noneconomic emotional damages related to her negligence claim and that this court should adopt a new common-law cause of action permitting a plaintiff to recover emotional-based damages under a negligent-infliction-of-emotional-distress theory from the loss of personal property. We affirm.

Pennebaker boarded her eleven-year-old dog, Izzy, with Jeaneen Niel and Furry Feet Retreat, Inc. While there, Izzy was attacked by three of Niel's personal dogs. Niel failed to obtain prompt medical care for Izzy, and just a few days later, Izzy had to be euthanized. Pennebaker filed a complaint for negligence and sought noneconomic damages, including pain and suffering, emotional and mental damages, and loss of companionship.

Furry Feet and Niel filed a motion in limine to exclude or suppress evidence of Pennebaker's noneconomic damages related to the loss of Izzy, which the trial court granted. Pennebaker proffered her evidence relating to noneconomic damages into the record. After a bench trial, the court found Niel and Furry Feet negligent and awarded economic damages for the value of the dog, veterinary care, and court costs pursuant to its order entered on October 7, 2019. Pennebaker filed a timely notice of appeal on October 23 and an amended notice of appeal on October 28.[1]

In reviewing the circuit court's grant of a motion in limine to exclude evidence, we must determine whether the circuit court abused its discretion in refusing to allow evidence to be admitted. *Boatright v. S-R Plaza, LLC*, 2021 Ark. App. 47, at 5, 617 S.W.3d 726, 729. On appeal, we will not reverse a circuit court's ruling on the admission of evidence absent an abuse of that discretion, nor will we reverse absent a showing of prejudice. *Id*. Appellate courts do not defer to the trial court on questions of law. *Priddy v. Priddy*, 2020 Ark. App. 382, at 5, 606 S.W.3d 596, 599.

Pennebaker argues that the trial court erred in denying her request for noneconomic damages related to the loss of her dog, Izzy. She acknowledges that the trial court followed Arkansas case law established by our supreme court in *Dowty v. Riggs*, 2010 Ark. 465, 385 S.W.3d 117, when it suppressed evidence about Pennebaker's noneconomic damages. Pennebaker is not arguing that the trial court erred by misapplying the law in its current

---

[1]Niel and Furry Feet filed a joint notice of cross-appeal on November 4, 2019, but did not file a brief; therefore, they have abandoned any potential argument related thereto that they may have had before this court. *See Middleton v. Middleton*, 2018 Ark. App. 237, 548 S.W.3d 199.

state; instead, she maintains that the trial court erred because it is time to change Arkansas law and the ability of an animal owner to recover mental and emotional damages for pain and suffering and loss of companionship caused by the negligent acts of another person.

Pennebaker recognizes that it has been true in Arkansas since at least 1899 that mental suffering alone, unaccompanied by physical injury, cannot be made the subject of an action for damages. *Chicago, Rock Island & Pac. Ry. Co. v. Caple*, 207 Ark. 52, 179 S.W.2d 151 (1944); *Wilson v. Wilkins*, 181 Ark. 137, 25 S.W.2d 428 (1930); *Miles v. Am. Ry. Exp. Co.*, 150 Ark. 114, 233 S.W. 930 (1921); *Rogers v. Williard*, 144 Ark. 587, 223 S.W. 15 (1920); *St. Louis, Iron Mountain & S. Ry. Co. v. Bragg*, 69 Ark. 402, 64 S.W. 226 (1901); *Texarkana & Ft. Smith Ry. Co. v. Anderson*, 67 Ark. 123, 53 S.W. 673 (1899). It is undisputed that her claim is one for negligent infliction of emotional distress because she was not present when her dog was injured and was not physically injured herself in the attack but suffered mental and emotional anguish as a result of Niel's and Furry Feet's negligence. *See generally Dowty*, 2010 Ark. 465, at 6–7, 385 S.W.3d at 120–21.

Pennebaker likewise concedes that Arkansas does not recognize the tort of negligent infliction of emotional distress. *Id.* (citing *FMC Corp. v. Helton*, 360 Ark. 465, 202 S.W.3d 490 (2005); *Mechs. Lumber Co. v. Smith*, 296 Ark. 285, 752 S.W.2d 763 (1988); *Erwin v. Milligan*, 188 Ark. 658, 663, 67 S.W.2d 592, 594 (1934)). The reason that mental suffering unaccompanied by physical injury is not considered as an element of recoverable damages is that it is deemed to be too remote, uncertain, and difficult to ascertain. *Dowty*, 2010 Ark. 465, at 7, 385 S.W.3d at 121 (citing *Chicago, Rock Island*, 207 Ark. at 58–59, 179 S.W.2d at 154). Such suffering is allowed as an element of damages when accompanied by physical

injury because the two are so intimately connected that both must be considered due to the difficulty in separating them. *Id*. *See also Holman v. Flores*, 2018 Ark. App. 298, at 5–6, 551 S.W.3d 1, 3–4.

Pennebaker points out that despite refusing to recognize negligent infliction of emotional distress in *Dowty*, the Arkansas Supreme Court left open the possibility of recognizing this new tort in a legally and factually appropriate setting. *Dowty*, 2010 Ark. 465, at 11, 385 S.W.3d at 123 (citing *Chicago, Rock Island*, 207 Ark. at 58–59, 179 S.W.2d at 154). Pennebaker argues that this is the case that justifies recognizing negligent infliction of emotional distress because Niel and Furry Feet were negligent; Pennebaker had quantifiable and ascertainable emotional and mental trauma and damages as a result of Niel's and Furry Feet's negligence; and her damages were a foreseeable result of Niel's and Furry Feet's negligence.

We cannot accommodate her request and must affirm the trial court's decision. Pennebaker is asking this court to overrule existing precedent from the Arkansas Supreme Court. There is a strong presumption of the validity of prior decisions. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). As a matter of public policy, courts have a duty to uphold prior decisions unless grave injury or injustice would result. *Id*. In matters of practice, adherence by a court to its own decisions is necessary and proper for the regularity and uniformity of practice so that litigants may know with certainty the rules by which they must be governed in the conducting of their cases. *Id*. Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. *Id*.

Although Pennebaker argues that this is the case that encompasses circumstances that should prompt the adoption of a new common-law tort of negligent infliction of emotional distress, the Arkansas Court of Appeals is not at liberty to overturn a decision of the Arkansas Supreme Court. *See Blasingame v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 71, at 8–9, 542 S.W.3d 873, 878; *Metcalf v. Texarkana Sch. Dist.*, 66 Ark. App. 70, 986 S.W.2d 893 (1999); *Conway v. State*, 62 Ark. App. 125, 969 S.W.2d 669 (1998); *Nelson v. Timberline Int'l, Inc.*, 57 Ark. App. 34, 942 S.W.2d 260 (1997); *Cheshire v. Foam Molding Co.*, 37 Ark. App. 78, 822 S.W.2d 412 (1992); *Myles v. Paragould Sch. Dist.*, 28 Ark. App. 81, 770 S.W.2d 675 (1989).

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Lancaster & Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Caleb D. Lang*, for appellees.